## POWELL v. MARTIN.

1. BIAS OF A WITNESS. A witness may be cross-examined as to prior conversations between himself and other persons, tending to show that he entertains feelings of animosity toward the party against whom he is testifying, for the purpose of affecting the weight of his evidence, as well as for the purpose of laying the foundation for his impeachment by contradicting his evidence.

2. IMPEACHMENT OF A WITNESS. The credit of a witness may be im-

peached by contradicting his evidence as to conversations prior to the trial.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 6.

THE material facts are stated in the opinion of the court.

*Wm. Loughridge* and *J. A. L. Crookham* for the appellant, contended—1. That the evidence of Marshall as to his conversations with other persons, showing a feeling of animosity toward defendant, was admissible for the purpose of impairing the weight of his evidence in the estimation of the jury, citing 7 Conn. 66; 2 Phil. Ev. (2d ed.) 436; 1 Greenl. Ev. sec. 450; 1 Starkie Ev. 164–172; 2 Comp. 637; 2 Starkie R. 116–114; 11 East. 311.

*Rice, Myers & Rice* and *Seevers, Williams & Seevers* for the appellee, insisted, 1. That the cross-examination of Marshall was as to a collateral matter, and the defendant was bound by his answer. 1 Greenl. Ev. sec. 449; *Cokely* v. *State of Iowa,* 4 Iowa 477; 16 Pick. 153; 7 East. 108; 16 Pet. 460.

LOWE, C. J.—Action of slander for words spoken affecting the character of plaintiff for virtue and chastity. The defendant answered, denying the allegations of the petition, and setting up the gossip of the neighborhood. This latter branch of the defense, upon motion, was stricken out. Trial, verdict of one hundred and eighty-five dollars for plaintiff. Exceptions to various rulings of the court, and an appeal by defendant.

Believing that the court below ruled correctly upon all the points excepted to but one, we will limit our consideration of this case to the point alone which, in our judgment, must reverse the case. The principal witness for the prosecution was a man by the name of Ralph Marshall. He was asked if he had not an interest in this suit, and whether he had not taken an active part in the prosecution of the

same. He replied negatively to both these questions. He was then asked, if since the commencement of this suit he had not had a conversation in Wood's Lane with one Joseph Dickey about this suit. He admitted that he had, and was then asked if at that time, place and conversation he did not tell Joseph Dickey, that unless he would come into court and swear that he failed to marry plaintiff on the account of said "*report*" that she would be beaten in the suit, and (to use the language employed in the exceptions) "he would law defendant to hell, and they would break defendant up," &c. He denied any such conversation.

Afterwards, Dickey was called by the defense and interrogated, whether in Wood's Lane, since the commencement of this suit, he had had a conversation with the witness Marshall. He answered affirmatively. He was then asked to state what Marshall said in that conversation, and thereupon the plaintiff objected, and defendant's attorney stated that his object was to prove that Marshall had made declarations at that time and place showing malice and ill-feeling, and also that he had made use of the expressions which he had denied in his cross-examination, but the court sustained the objection and would not permit the witness to answer the question &c. Again, Marshall in his cross-examination in chief was asked if he did not, at the house of Mr. John Baker, in a conversation he had with Mrs. Susannah Baker about a month before the trial, solicit Mrs. Baker not to swear in favor of defendant in this suit, but to swear in favor of plaintiff. Witness admitted a conversation at the time and place with Mrs. Baker, but denied the use of such language or that he made such solicitation. Mrs. Baker was afterwards called to prove what the witness Marshall denied, but upon objection being made by plaintiff, was not permitted to do so. The attention of the witness, Marshall, was challenged to other times, places and conversations with other persons, with a view of exhibiting the degree of hostility and ill feeling which he entertained towards the defendant; but the defense was not permitted by the court to prove the truth of what he denied.

This evidence was refused by the court, we suppose, under the well known rule that a witness shall not be cross-examined as to facts collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence. And if the witness is so examined, his answer can not be contradicted, but shall be conclusive against the party asking. But it must be remembered that it is not irrelevant to the issues to inquire of the witness whether he was not unfriendly and hostile to the party against whom he was testifying; whether he had not had a quarrel with the party and threatened to break him up at the law; and had been active in preparing the cause for trial. These and similar facts are relevant and material, for the reason that they show the motive and temper of the witness in the particular transaction, and afford the jury an opportunity of properly weighing and estimating his testimony. The authority for the introduction of such testimony will be found in 1 Greenl. Ev. section 450; 7 Conn. R. 66; Swift's Ev. 148; 16 Mass. R. 185; 17 Mass. 160; 2 Camp. R. 630. In this case questions were asked the witness on cross-examination which fairly conduced to show his partiality for the plaintiff on the one hand, and his animosity and bias towards the defendant on the other, which were denied by him; and although the way had been opened under the rules of evidence for his contradiction and impeachment, yet all inquiry on this subject was stifled by the court, which we conceive was error. And not knowing how seriously the defendant may have been prejudiced by the rejection of this impeaching testimony, we must remand the cause for a second trial.

Judgment reversed.