## SHIPLER v. ISENHOWER.

TRESPASS.—PLEADING.—In an action for a trespass to lands, the complaint alleged that the defendant "on," &c., "at said county of *M*, broke and entered the close, freehold, fences and fields of the plaintiff, situated in said county," &c.

*Held*, that the description of the *locus in quo* was sufficient.

SAME.—STATUTORY FORMS.—The statute providing certain forms in civil and criminal cases, (2 G. & H., 373,) does not require that those forms shall be used, but only provides that they may be used, and that when used they shall be sufficient in cases to which they are applicable.

APPEAL from the *Morgan* Circuit Court.

ELLIOTT, J.—Suit by *Cynthia Isenhower*, the appellee, against the appellant, for a trespass on her lands. Answer in denial. Trial by jury and verdict for the plaintiff. Motion in arrest overruled, and judgment on the verdict. *Shipler* appeals.

The only question presented in the case arises on the motion in arrest of judgment, based on the assumption that the complaint is defective in not sufficiently describing the *locus in quo*. The objection is without foundation. The complaint alleges that the defendant, "on," &c., "at said county of *Morgan*, broke and entered the close, freehold, fences and fields of the plaintiff, situate in said county," &c. This description is in accordance with the old and well settled forms and precedents, and is fully sustained by authority. 1 Chitty's Pl. 327, *et seq.; 2 id.*, 863, *et seq.* But the appellant insists that it does not conform to the form given in the statute. The object of the statute containing certain forms, as expressed in the title, is to abridge the forms in civil and criminal actions. 2 G. & H., 373. Form number twenty is "for injury to lands," and runs thus: "A B complains of C D, and says that on ——, at ——, defendant, without leave, wrongfully entered on, (describe the land,) of which the plaintiff was the owner," &c. This form does not require that the land should be described by metes and

bounds, or that the abuttals should be given. It does not indicate the character of the description, but leaves it as at common law. The statute does not require that these forms shall be used, but provides that they may be used, and declares that when used, they shall be deemed sufficient in all cases where they are applicable.

The judgment is affirmed, with ten per cent damages and costs.

*C. C. Nave,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.