ARBUCKLE v. THE STATE.

CRIMINAL LAW—*Entry on Lands.*—Section 76 of the act defining misdemeanors, as amended by the act of February 14th, 1865 (Acts 1865, pp. 86, 87), does not make a simple entry upon the land of another, without license, an indictable offense.

APPEAL from the Rush Circuit Court.

GREGORY, J.—The appellant was indicted in the court below for an alleged violation of the seventy-sixth section of the act defining misdemeanors, as amended by the act of February 14th, 1865 (Acts 1865, pp. 86, 87).

The indictment charges, that, on, &c., at, &c., "Nathan Arbuckle did then and there unlawfully go upon lands of one Robert Wagoner, situate in said county, the same being one hundred acres off the east part of the south-west quarter, and part of the south-east of the north-west quarter of section seven, township twelve, north of range nine, east."

The statute provides, that "any person who shall unlawfully go upon the lands of another, and any person who shall unlawfully pull off, or pull off and carry away, any corn growing on the stalk, or any fruit on the trees, bush, or plant, pumpkin, or melon on the vine, or other annual product attached to the realty, or growing on the soil, of the value of ten cents, or upwards, the property of another, shall be fined," &c.

The section as amended differs from the original, in this: the word "unlawfully" is introduced; and the pulling off of corn growing on the stock or fruit on the tree without carrying it away, or the pulling off, or the pulling off and carrying away, of any fruit growing on the "bush" or "plant," is made a misdemeanor.

It seems to a majority of the court very clear that it was not the intention of the legislature to make a naked entry upon the land an indictable offense. None of the acts specified in the section could be committed without a trespass to the land. Upon the hypothesis that a naked entry upon the land of another, without damage, is an indictable offense, the section would seem to be inconsistent in itself, in this: the taking of corn, fruit, pumpkins, or melons, of a less value than ten cents, including a trespass to the land, would not be an indictable offense, whilst the mere entering upon it would be. A statute must be construed so as to make its parts harmonize, if possible. The section is very awkwardly drawn; but it can be read, without even violating its

grammatical construction, thus: "any person who shall unlawfully go upon the land of another, and who shall unlawfully pull off," &c. It would, of course, be a better choice of words to say, that "any person who shall unlawfully go upon the lands of another and pull off," &c.

It is proper for the court to look to the effects and consequence of a statute in giving it a construction; and when the words bear either no signification, or a very absurd one, if literally understood, it is allowable, in the language of Sir William BLACKSTONE, to "deviate a little from the received sense of them." It would be very absurd to suppose that the legislature intended to make the simple entry upon the lands of another, without license, an indictable offense, punishable by fine, to which might be added imprisonment, whilst at the same time the taking of certain specified articles of a less value than ten cents, including a trespass to the land, is excluded from the operation of the law. It is hardly to be supposed that the legislature would make an act which did not result in injury to any one an offense, and that, too, in a statute recognizing the principle of injury to a given sum or upwards.

There is another objection urged to the indictment—the want of a sufficient description of the lands trespassed upon. Under our view of the law, this question becomes unimportant. It should be remarked, however, that the description is vague and uncertain.

The court below erred in overruling the motion of the appellant to quash the indictment.

Judgment reversed, and the cause remanded, with direction to quash the indictment.

RAY, J., dissents.

*H. M. Spalding* and *L. & W. O. Sexton,* for appellant.

*A. B. Campbell* and *D. E. Williamson,* Attorney General, for the State.