## JOHNSON ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Carrying off Growing Crop.—Description of Lands.—Indictment.*—An indictment under section 76 of the act defining misdemeanors, 2 R. S. 1876; p. 481, need not describe lands alleged to have been entered upon, more fully than as the lands of the owner, with their location, etc.

SAME.—*Growing Corn.—Ripe Corn.*—An indictment under such section for pulling off and carrying away corn must, to be sufficient, allege that 'the corn was *growing* on the stalk, or green. Pulling off and carrying away ripe corn on the stalk is punishable under section 14 of the misdemeanor act

From the Grant Circuit Court.

*G. W. Harvey,* for appellants.

*T. W. Woollen,* Attorney General, and *A. E. Steele,* Prosecuting Attorney, for the State.

HOWK, C. J.—The indictment against the appellants in this case charged, in substance, that on the 2d day of November, 1878, in Grant county, Indiana, the appellants did then and there unlawfully go upon the land of one David

Hazzard, and did then and there unlawfully pull off of the stalk, and carry away, eighty bushels of corn, which was then and there attached to the realty, said corn being an annual product, and then and there being the property of the said David Hazzard, and of the value of twenty-five dollars.

The appellants moved the court to quash the indictment, which motion was overruled, and to this ruling they excepted. Afterward, on arraignment, they each interposed a plea of not guilty as charged in the indictment. The cause was tried by a jury, and a verdict was returned, finding them guilty as charged, and assessing their punishment at a fine in the sum of twenty dollars.

The appellants' motions for a new trial and in arrest of judgment, having each been overruled by the court, and their exceptions entered to these rulings, judgment was rendered on the verdict.

Among the errors assigned by the appellants in this court were the decisions of the circuit court in overruling their motions to quash the indictment, and in arrest of judgment. Each of these alleged errors calls in question the sufficiency of the facts stated in the indictment to constitute a public offence. It is manifest, we think, from the language used in the indictment, the substance of which we have given, that it was intended to charge the appellants therein and thereby with the commission of one of the misdemeanors which are defined, and the punishment thereof prescribed, in section 76 of the misdemeanor act of June 14th, 1852, as the section was amended by an act approved February 14th, 1865. 2 R. S. 1876, p. 481; Acts 1865, Reg. Sess., p. 86. This amended section 76 makes it an offence for any person to unlawfully go upon the lands of another and unlawfully pull off and carry away any corn growing on the stalk, of the value of ten cents or upwards.

It is claimed by the appellants' counsel, as we understand his argument, that the indictment was bad because it did not describe specifically the particular land upon which the alleged trespass was committed. The land was described as the land of David Hazzard. This was sufficient, we think, to comply with the statute. *Newland* v. *The State,* 30 Ind. 111; *Shipler* v. *Isenhower,* 27 Ind. 36.

It is also claimed that the indictment is insufficient, in this, that it did not charge that the corn, which it was alleged the appellants had unlawfully pulled off and carried away, was, in the language of the statute, " growing on the stalk." It seems to us that this point is well taken. In charging the alleged offence, the indictment should have followed the language of the statute, or used other equivalent words. We must suppose that the Legislature, in using the expression " corn *growing* on the stalk," intended to express all that the words imply. Indeed, we think it was probably the intention of the Legislature, in this amended section 76, to make it an offence to pull off and carry away only growing or green corn. The other provisions of the section, in relation to fruits and melons, seem to us to support this view of the section. The removal of ripe corn from the lands of another, without a license from competent authority, would be an offence within the purview and meaning of section 14 of the misdemeanor act of June 14th, 1852; but it seems to us that the provisions of said amended section 76 are applicable only to growing or green corn.

In any view of the question, the indictment was not sufficient, we think, and ought to have been quashed, on the appellants' motion.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion to quash the indictment.