## THE STATE *v.* SCOTT.

CRIMINAL LAW.—*Trespass.*—*Section* 76 *of the Misdemeanor Act.*—*Affidavit and Information.*—Section 76 of the misdemeanor act, 2 R. S. 1876, p. 481, provides that "Any person who shall unlawfully go upon the lands of another, and any person who shall unlawfully pull off, or pull off and carry away * * any fruit on the tree, * * of the value of ten cents, or upwards, the property of another, shall be fined," etc.

*Held,* that the unlawful going upon the lands of another is an essential ingredient in any offence defined by said section, and must be averred in the affidavit and information charging such offence.

From the Washington Circuit Court.

*T. W. Woollen,* Attorney General, and *F. L. Prow* Prosecuting Attorney, for the State.

*S. B. Voyles,* for appellee.

NIBLACK, J.—This was a prosecution against Cynthia Scott, the appellee, upon affidavit and information, under section 76 of the misdemeanor act, 2 R. S. 1876, p. 481.

On the appellee's motion the affidavit and information were both quashed, and she was discharged.

The State has appealed and assigned error upon the decision of the court sustaining the motion to quash the affidavit and information.

The material portions of the affidavit were as follows : "Margaret A. Walton, upon her oath, swears that on or about the 14th day of August, 1878, at and within Washington county and State of Indiana, Cynthia Scott did then and there unlawfully pull off and carry away one-half bushel of peaches, then and there being fruit growing on the tree then and there attached to the realty, then and there belonging to Margaret A. Walton, said peaches being then and there of the value of twenty-five cents, and then and there the property of said Margaret A. Walton."

In its substantial allegations, the information followed the affidavit.

The appellee contends that both the affidavit and information were bad, for want of an averment that she, the appellee, unlawfully went upon the lands of Margaret A. Walton, when she pulled off and carried away the peaches as charged.

The phraseology of section 76, *supra*, is somewhat ambiguous and obscure, but we think that section received from this court a fair and reasonable construction in the case of *Arbuckle* v. *The State*, 32 Ind. 34.

Following the construction given in that case, so much of the section as is applicable to the case in hearing may be paraphrased so as to read :

"Any person who shall unlawfully go upon the lands of another, and who shall unlawfully pull off and carry away any fruit on the tree, of the value of ten cents, or upwards, the property of another, shall be fined in any sum not exceeding fifty dollars, to which may be added imprisonment in the county jail for any period not exceeding six months."

As thus construed the unlawful going upon the lands of another is an essential ingredient in any offence defined by said section 76 of the misdemeanor act.

For want of an averment that the appellee, in connec-

tion with the other matters charged, unlawfully went upon the lands of the said Margaret A. Walton, both the affidavit and the information were materially defective.

The judgment below is therefore affirmed.