## THE STATE v. ALLISBACH.

CRIMINAL LAW.—*Indictment.*—*Unlawfully Pulling Off Corn, etc.*—*Statute Construed.*—Section 76, 2 R. S. 1876, p. 481, makes it an offence to unlawfully go upon the lands of another, and to "unlawfully pull off, or pull off and carry away any corn growing on the stalk, or any fruit on the tree, bush, or plant, pumpkin or melon on the vine ; " and, in charging a violation of the statute in respect to these specifications, it is sufficient to follow the language of the statute. It is not necessary to allege that any of the articles specified are " annual products attached to the realty."

SAME.—When, however, there is a pulling off, etc., of any article not enumerated and which comes within the words " or other annual product attached to the realty, or growing in the soil," as used in section 76, *supra*, the indictment must show that such article was an annual product, etc. in order to charge an offence under the statute.

From the Perry Circuit Court.

*T. W. Woollen*, Attorney General, and *G. L. Reinhard*, P.osecuting Attorney, for the State.

*C. H. Mason*, for appellee.

WORDEN, J.—Indictment charging that the appellee, " on the 24th day of October, 1869, at said county, unlawfully entered the land of one Bernard Speiker, in said county, to wit:" (here the land is described), "and then and there upon said land unlawfully pulled off and carried away one-half bushel of corn in the ears, then and there growing upon the stalk, the property of said Bernard Speiker, and then and there of the value of fifteen cents."

Upon motion of the appellee the indictment was quashed, and the State excepted and appeals to this court.

The indictment was based on the following statutory provision :

"Any person who shall unlawfully go upon the lands of another, and any person who shall unlawfully pull off, or pull off and carry away any corn growing on the stalk, or any fruit on the tree, bush, or plant, pumpkin or melon on the vine, or other annual product attached to the realty, or growing in the soil, of the value of ten cents, or upwards, the property of another, shall be fined in any sum not exceeding fifty dollars, to which may be added imprisonment in the county jail for any period not exceeding six months," etc. 2 R. S. 1876, p. 481, sec. 76.

In *Arbuckle* v. *The State*, 32 Ind. 34, it was held that it was not intended by the Legislature, in the enactment of the above provision, to make it a misdemeanor merely to unlawfully go upon the lands of another. But the words

with which the provision commences, "Any person who shall unlawfully go upon the lands of another," can not be regarded as having no force, or treated as if they had not been contained in the statute. If they do not create an offence separate and distinct from that of pulling off, or pulling off and carrying away, the articles mentioned in the subsequent part of the provision, then the unlawful entry upon the land is necessary in order to make the pulling off, or pulling off and carrying away, of the articles mentioned, an offence. Otherwise the words indicated would have no force or effect whatever.

Accordingly, in the case of *The State* v. *Scott*, 68 Ind. 267, it was held that an affidavit and information, under this statute, charging the unlawful pulling off and carrying away of a bushel of peaches, etc., but not alleging an unlawful entry upon the lands, were not sufficient.

The allegation in the case before us, however, in respect to the unlawful entry upon the land, seems to be entirely sufficient.

In the case of *Johnson* v. *The State*, 68 Ind. 43, it was held that an allegation that the defendant unlawfully entered upon the land, " and did then and there unlawfully pull off of the stalk, and carry away, eighty bushels of corn, which was then and there attached to the realty, said corn being an annual product," etc., was not sufficient. The statute was construed to mean what it says, " corn growing on the stalk ;" in other words green, and not ripe or mature, corn.

In the case before us, the corn was alleged to have been " growing upon the stalk," and in this respect the indictment was sufficient. Indeed, we do not see any particular in which the indictment was defective. It was not necessary to allege that the " corn growing upon the stalk " was " an annual product attached to the realty, or grow-

ing in the soil," because the unlawful entry upon the land, and the unlawful pulling off and carrying away of the corn then and there growing upon the stalk, was a complete offence, and nothing more was required to describe or define it. Doubtless, an indictment for unlawfully entering upon land, and unlawfully pulling off, or pulling off and carrying away, other products than those specifically mentioned in the statute, should show that they were annual products attached to the realty, or growing in the soil.

The language of the statute has been substantially followed, and that is sufficient, inasmuch as the case is of such a nature as that a more particular description of the offence than that contained in the statute is unnecessary. *Malone* v. *The State*, 14 Ind. 219.

The statute makes it an offence to unlawfully go upon the land of another, and to "unlawfully pull off, or pull off and carry away any corn growing on the stalk, or any fruit on the tree, bush, or plant, pumpkin or melon on the vine." Here the specifications cease, and in charging a violation of the statute in respect to these specifications, it is undoubtedly sufficient to follow the language of the statute. It is not necessary to allege that any of the articles specified are "annual products attached to the realty, or growing in the soil," because, as to them, the clause in relation to annual products, etc., furnishes no element that enters into the description of the offence. But the Legislature saw that there might be a pulling off, etc., of other products not enumerated as "corn," "fruit," "pumpkin or melon," which would come within the object and general purpose of the statute; and, to meet such case, the words "or other annual products attached to the realty, or growing in the soil," were added. It would seem to follow that in charging the pulling off, etc., of any thing not specified, it should be shown that the product

pulled off, etc., was an "annual product attached to the realty, or growing in the soil;" otherwise it would not appear to be within the statute.

The counsel for the appellee, in his brief, puts the case as follows. He says:

" Suppose the appellee had been charged in the indictment with pulling off and carrying away a certain number of lemons or oranges, then and there growing on the tree, or melons then and there growing on the vine, and on the trial it had appeared that the tree or the vine was growing in a box in the greenhouse of the owner on said land, could he, under that statute, have been convicted and punished? The answer to this question shows the necessity of the indictment containing the averments of ' annual product attached to the realty, or growing in the soil.' That the article charged is ' corn,' usually growing in fields, does not destroy the argument, for corn can grow in boxes as well as lemons, oranges, pumpkins or melons, and with them is included in the law."

The case thus put by counsel, it seems to us, resolves itself into a question of evidence rather than one of pleading. It should be observed, in the first place, that it may be difficult to see why the pulling off and carrying away of the lemons or oranges growing on the tree, or melons on the vine, are not within the statute, although the tree or the vine may be in a box in a greenhouse on the land unlawfully entered upon, as well as if they were growing in the soil, inasmuch as it is not necessary that any of the products specifically mentioned in the statute should be an " annual product attached to the realty, or growing in the soil."

But, in case the statute should be construed as not extending to such specified products as are grown in boxes in a greenhouse, and not in the soil of the land unlawfully entered upon, then, in the case supposed, there would

be simply a failure in the proof to make out such a case as is contemplated by the statute. The pleading follows the statute, and that is sufficient. The language used in the statute and that used in the indictment mean the same thing; and, if the proof fails to show a case within the meaning of the language thus used, there is simply a case of the failure of proof.

The judgment below quashing the indictment is reversed, with costs, and the cause remanded for further proceedings.