No. 10,132.

. DORRELL *v.* THE STATE.

CRIMINAL LAW.—*Trespass.—Information.—Removing Part of Realty.—Statute Construed.—Fence.*—An information under section 1961, R. S. 1881, charging that the defendant removed rails and stakes from the fence of the prosecuting witness, on the land of said witness, shows that the fence was a part of the realty, and is not bad for not alleging the separate values of the rails and stakes.

SAME.—*Allegation of Value Unnecessary.—Evidence.*—Under clause 9, section 1756, R. S. 1881, the omission to allege value, or the amount of damage or injury, unless of the essence of the offence, is not ground for quashing an indictment or information. It is sufficient to make the proof on the trial.

SAME.—*Particular Description of Land Unnecessary.*—The land upon which an offence under section 1961, R. S. 1881, is charged to have been committed, need not be particularly described.

From the Ohio Circuit Court.

*A. C. Downey* and *G. E. Downey*, for appellant.

*D. P. Baldwin*, Attorney General, and *R. L. Davis*, Prosecuting Attorney, for the State.

WOODS, J.—The appellant has assigned error upon the overruling of his motion to quash the affidavit and information upon which he was convicted.

The charge in the information corresponds with the affidavit, and is: " That on the 21st day of September, 1881, at and in the county of Ohio, Indiana, Isaac Dorrell and Peter

Dorrell, Jr., did then and there unlawfully remove from the lands belonging to James C. Ricketts, situated in said county and State, certain rails and stakes then and there being in and composing a fence upon said land, the property of said James C. Ricketts, and said rails and stakes being then and there of the value of seventy-five dollars, without the license so to do from said Ricketts, or any other competent authority."

The information is predicated on section 1961, R. S. 1881. The offence charged is, with some change in the form of expression, defined in the statute as follows: Whoever, without license, from competent authority, shall cut down or remove from the lands of another, any tree, stone, timber, or other valuable article, is guilty of trespass, and, upon conviction thereof, shall be fined in five times the value of such property, etc.

The first objection to the information, which is pointed out, is that the ownership of the property removed is not alleged.

The following is the argument of counsel for the appellant upon this point:

" It may be conceded that, generally, when a rail fence is on land, it becomes a part of the realty, and is the property of the owner of the land; but, as it is not always so, such inference can not supply the place of an allegation of ownership of the rails in a criminal case like this. If the rails, etc., were put on the land of Ricketts by mistake, as contemplated by section 24, p. 497, 1 R. S. 1876, or if they were put there by the appellant for his own convenience, as the tenant of Ricketts, with the right to remove them at the expiration of his term; or if they were put there under some agreement by which he had the right to remove them, they would not, in any such case, be a part of the realty, and it would not be a breach of the law to remove them."

This objection is not true in fact. The phrase, "the property of said James C. Ricketts," applies to and qualifies, not the land, but the " rails and stakes * * in and composing a fence," upon the land. If this is not so, then the ownership

of the land is averred twice both in the information and in the affidavit.

The charge is that the appellant unlawfully removed the rails, and if for any of the reasons suggested, his act was not unlawful, though within the letter of the statute, it should have been made matter of defence.

The argument made by counsel shows the offence might be committed by one having no interest either in the land or in the property removed, in cases where the land belonged to one and the property removed to another; but whether the ownership of the latter need be alleged, the case does not require us to decide. It has been decided that a particular description of the land is not necessary. *Newland* v. *The State*, 30 Ind. 111; *Johnson* v. *The State*, 68 Ind. 43.

It being shown that the rails and stakes were in and composed a fence upon the land, and were the property of the owner of the land, it is sufficiently shown that they were a part of the realty. *Bates* v. *The State*, 31 Ind. 72.

The next objection is that the value of the rails and of the stakes and the number of them are not stated separately.

It was not necessary that the number of rails and stakes should be stated, nor their separate values. They are sufficiently described as being in and composing a fence on the land of the prosecuting witness, and the rails and stakes of a fence are not so distinct, one from another, as to require a statement of their separate values, if any statement of value was essential.

The criminal code of 1881 contains a provision not found in that of 1852, to the effect that an indictment or information shall not be deemed invalid, or set aside or quashed " For omitting a statement of the value or price of any matter or thing, or the amount of damages or injury, in any case where the value or price or the amount of damages or injury is not of the essence of the offence." R. S. 1881, section 1756, clause 9.

The value of the property is not of the essence of the offence charged in this case, and was important only in de-

termining the amount of the fine, and for this purpose the proven value, not that alleged, if any be alleged, must control. If, therefore, all averments of value were omitted, the information could not be deemed invalid.

Judgment affirmed, with costs.