No. 10,277.

### DORRELL v. THE STATE.

CRIMINAL LAW.—*Trespass.—Boundary Lines.—Evidence.—Former Adjudication in Civil Action.—Judgment.*—In a prosecution under section 1961, R. S. 1881, for the unlawful removal of a fence from land, a judgment in a civil action between the defendant and prosecuting witness, rendered before the commission of the alleged trespass, whereby the disputed boundary line between their respective lands was defined and settled, is admissible in evidence, and the effect of such judgment was to establish the boundary line, and to exclude inquiry into antecedent facts to the contrary.

SAME.—*Practice.—Abuse of Criminal Process for Private Ends.*—When the boundary line between adjacent land-owners has been determined in a civil action between them, and thereafter the defeated party goes beyond the line and removes a fence, this court can not say that it is an abuse of the criminal process and powers of the court, in furtherance of private ends, for the owner to institute a criminal prosecution.

JUDGMENT.—*Evidence.*—A judgment, even as against a stranger to it, is proof of the fact that the judgment was given and of the legal consequences which result from that fact.

From the Ohio Circuit Court.

*A. C. Downey, G. E. Downey* and *J. S. Jelley,* for appellant.

*D. P. Baldwin,* Attorney General, and *R. L. Davis,* Prosecuting Attorney, for the State.

WOODS, J.—The appellant was convicted and adjudged to pay a fine of $75 upon a charge of having unlawfully removed

the rails and stakes composing a fence, from the land of James Ricketts. R. S. 1881, section 1961. The affidavit and information are substantially the same as in the case of *Dorrell* v. *State*, 80 Ind. 566, and by the authority of that case are held good.

The appellant complains of the admission in evidence of the papers, proceedings and judgment of the Ohio Circuit Court, in an action in ejectment, wherein the prosecuting witness obtained against the appellant and another a judgment for the recovery of the possession of the land, from which the appellant removed the fence, as charged; and further complains that the court misdirected the jury in reference to that evidence.

So far as necessary to be stated, the instructions excepted to by the appellant were to the effect that if, " by an action in the circuit court between them, the lines and boundaries of the lands were determined and established by the judgment and order of such court, and Ricketts found to be the owner of certain lands therein described, and such judgment is still in force, unreversed and not appealed from, the lines so found by the court in the judgment would be the line dividing the lands and the lines that should be recognized by them."

" We refer on this point," say counsel, " to *Glenn* v. *State, ex rel.*, 46 Ind. 368, and the authorities therein cited. These judgments were not offered merely to prove the fact that such judgments were rendered, but to prove the ownership of the land, the location of the line, and the ownership of the rails, etc. Prof. Greenleaf, after stating the inadmissibility of judgments in criminal causes, on the trial of civil causes, says: 'The same principles render a judgment in a civil action inadmissible evidence in a criminal prosecution.' Vol. 1, section 547, seventh edition. Various reasons are given for the rule, and, amongst others, that civil causes are decided upon a preponderance of the evidence, while in criminal causes the evidence must prove the fact beyond a reasonable doubt."

We do not question the authorities cited, but are of opinion

that they are not applicable to the case presented. The judgments which were admitted in evidence were rendered more than a year before the trial, and before the commission of the offence with which the appellant stood charged, and they settled beyond dispute, as between the prosecuting witness and the appellant, the position of the dividing line between their lands at the date of the judgment, and consequently at the date of the appellant's trespass, unless there had occurred in the mean time a change in the location. The judgment was, therefore not less significant, nor less admissible on behalf of the State, in the criminal prosecution, than would have been a final agreement between the parties establishing the line in the place where it was adjudged to be.

If the appellant had been prosecuted for an act committed before the rendition of the civil judgment, then, in reason as well as by authority, the evidence would not have been admissible. But, as is well and accurately stated in the case of *Maple* v. *Beach*, 43 Ind. 51, "A judgment is always evidence of the fact that such a judgment has been given, and of the legal consequences which result from that fact." 1 Starkie Ev. 317 ; 1 Greenl. Ev., section 538. This is true whether the person against whom it is offered as evidence was a party to the action in which it was rendered or not." See, also, *Queen* v. *Hickling*, 7 Q. B. 880. And so, in this case, whatever theretofore may have been the true location of the boundary line between the lands of the appellant and those of his prosecutor, from the time that judgment was rendered the line thereby defined became the true line. This was the consequence of the judgment, and hence the judgment was admissible, not only as evidence of, but as constituting, the fact, and excluding all enquiry on the subject into facts antedating the judgment.

It is claimed that the evidence did not warrant the verdict. Citing *Dawson* v. *State*, 52 Ind. 478, and *Palmer* v. *State*, 45 Ind. 388, counsel insist that it is an effort on the part of the prosecuting witness to try the title to real estate by a criminal prosecution, which ought not to be encouraged. The facts

shown in the record do not warrant such a view of the case. It appears that before resorting to a criminal prosecution the prosecutor obtained in civil actions, prosecuted in his own name, two judgments against the appellant, declaring his title to and right to possession of the disputed ground, one of the judgments being rendered in January, 1880, and the other in January, 1881, and, by virtue of a writ of possession upon each of said judgments, was twice successively put in actual possession by the sheriff. But these judgments and acts of the sheriff the appellant seems to have regarded with contempt and defiance. Testifying in his own behalf in this case he said: "The sheriff put Ricketts in possession of the land he built that fence on, but he did not keep in possession long, nor keep the fence there either. I took the possession and claim to have it now."

We can not, in view of these facts, say that there has been an abuse of the criminal process and powers of the court for the furtherance of private ends.

Judgment affirmed, with costs.

### ON PETITION FOR A REHEARING.

WOODS, J.—After a careful consideration of the petition for a rehearing, we are confirmed in the conclusion already declared.

It is said in the petition, that "there is no warrant in any authority cited by us (the counsel) or the court for the distinction made in the opinion, that if the judgments had been rendered after, and not before, the alleged offence, they would not have been admissible." If the distinction is not stated, neither is it expressly or impliedly denied by any authority which has come under our observation, and its inherent force is not less because no case has arisen before, if such be the fact, which called for its recognition. It is, however, not a new distinction, and is implied in the rule stated by Greenleaf and recognized by the other text-writers, that a judgment is not only evidence, but is "the only proper legal evidence

of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact, whoever may be the parties to the suit in which it is offered in evidence." 1 Greenl. Ev., section 538.

" Where the judgment constitutes one of the muniments of the party's title to an estate," it is admissible; and " So a judgment *inter alios* is admissible, to show the character in which the possessor holds his lands." 1 Greenl. Ev., section 539. But why this proposition, unless for the manifest reason, that, no matter what has been the tenure before the rendition of the judgment, an adjudication in respect to its character between the possessor and the one under whom he has been holding becomes at and from the date of the judgment conclusive; and when thereafter the character of the tenure is put in issue, the judgment is the proper evidence. And so the judgments in question were admissible, not, as counsel claim the decision to be, to prove " the facts upon which they rest," but to prove the fact consequent upon their rendition, namely, that whatever theretofore may have been the true location, the line declared by the judgment became by force of the adjudication the true line, with reference to which the parties, their privies and all the world were bound thereafter to govern their conduct. So long as there has been no final adjudication in reference to a disputed boundary, it is plain that one accused of a trespass can be convicted only by showing that he had gone beyond the true line; but when, in a suit between the adjacent owners, the location of the line has been adjudged, and the judgment has not been and can not be appealed from, it would be a singular system of law which did not both by civil and criminal procedure compel a proper respect thereafter for the line so established, and forbid further inquiry in reference to its original proper location.

It is to be observed that we have not held that the judgments in question were admissible as evidence of the ownership of the land on one or the other side of the adjudicated line. The instruction complained of is that " the lines so

found by the court in the judgment would be the line dividing the lands and the line that should be recognized by them." And, in accordance with this, our holding was and is that an adjudication between adjacent owners—the ownership being conceded or otherwise shown—in respect to the location of their dividing line becomes conclusive evidence of the location at the date of the judgment, and excludes all further inquiry into the facts on which the judgment was rendered; and if, in reference to a subsequent transaction, it becomes material to show the location, the judgment is both admissible and controlling.

Petition overruled.