Skinner v. The State.

Filed Sept. 25, 1889.

---

No. 15,043.

## SKINNER v. THE STATE.

CRIMINAL LAW.—*Disorderly Liquor Shop.—Indictment.—Language of Statute.* —As section 2097, R. S. 1881, creates and fully defines the offence of keeping a disorderly liquor shop, " to the annoyance or injury of any part of the citizens of this State," an indictment thereunder which follows the language of the statute in charging the offence is sufficient.

SAME.—*"Citizens" of this State.—Meaning of Term.—Proof.—Inference.*—In a

prosecution under such section, proof that the shop in question was lo cated on a public street in a town in this State, and that the persons who were annoyed thereby resided in the town, near the shop, justifies the jury in inferring that such persons were citizens of the State, without direct proof to that effect, as the word "citizen," as used in said statute, means an inhabitant in any city, town, or place.

SAME.— *Witness.* — *Interest.* — *Procuring Testimony.* — *Impeachment.* — *Collateral Matter.*—Where, in a prosecution for keeping a disorderly liquor shop, a witness for the State on cross-examination denies having said to another person "All the rest of us are going to say that he (the defendant) was drunk all the time; that we never saw him sober, and you just get up there and say the same thing," evidence to contradict such witness is competent, as such matter is not a collateral one.

From the Grant Circuit Court.

*A. Steele* and *J. A. Kersey,* for appellant.

*L. T. Michener,* Attorney General, *S. W. Cantwell,* Prosecuting Attorney, and *H. J. Paulus,* for the State.

COFFEY, J.—This was a prosecution by the State against the appellant under section 2097, R. S. 1881, for keeping a disorderly liquor shop.

That section provides that "Whoever keeps a place where intoxicating liquors are sold, bartered, given away, or suffered to be drunk in a disorderly manner, to the annoyance or injury of any part of the citizens of this State, shall be fined, for every day the same is so kept, not more than one hundred dollars nor less than ten dollars."

The indictment charges that the appellant, Allen Skinner, on the 1st day of June, A. D. 1888, and continuously thereafter to the day of making this indictment, at the county and State aforesaid, did then and there unlawfully keep a place, to wit, a saloon where intoxicating liquors were sold, bartered and given away, and suffered to be drunk in a disorderly manner, and did then and there keep said saloon in a disorderly manner, by then and there unlawfully permitting and suffering divers persons, on week days and Sundays, by day and by night, to congregate in and about said saloon, and then and there make a great noise by yelling, quarreling, boister-

ous talking, fighting, swearing, and drunken rows, to the annoyance and injury of part of the citizens of said State, etc. The indictment was filed on the 8th day of September, 1888.

Upon a plea of not guilty, the cause was submitted to a jury, who returned a verdict of guilty, assessing a fine against the appellant.

Over a motion for a new trial and a motion in arrest of judgment, the court rendered judgment on the verdict.

The errors assigned are :

1st. That the facts stated in the indictment do not constitute a public offence.

2d. That the court erred in overruling the motion in arrest of judgment.

3d. That the court erred in overruling the motion of appellant for a new trial.

Under the first and second assignments of error, it is contended by the appellant that the indictment above set out is defective, in failing to aver that the saloon therein named was kept in any public place, or near any public highway, in any city, town or village, or that any person resided in the vicinity, or were in the habit of passing near it, and in support of his contention cites the case of *Mains* v. *State*, 42 Ind. 327.

On the other hand, it is contended by the appellee that there is a distinction between the case at bar and the case of *Mains* v. *State*, *supra*, in this, that the acts named in the statute under consideration constitute the offence charged, and that hence it is sufficient to follow the language of the statute, while in the case of *Mains* v. *State*, *supra*, the offence sought to be charged was that of maintaining a public nuisance, an offence known to the common law, and hence it was necessary to aver facts which would have constituted a nuisance under the common law definition of that crime.

The general rule is, that an indictment describing the offence in the language used by the statute in defining it is

sufficient. *State* v. *Bougher*, 3 Blackf. 307 ; *Pelts* v. *State*, 3 Blackf. 28 ; *Marble* v. *State*, 13 Ind. 362 ; *Malone* v. *State*, 14 Ind. 219 ; *Stuckmyer* v. *State*, 29 Ind. 20 ; *Shinn* v. *State*, 68 Ind. 423 ; *State* v. *Allisbach*, 69 Ind. 50 ; *Howard* v. *State*, 87 Ind. 68 ; *Toops* v. *State*, 92 Ind. 13 ; *State* v. *Miller*, 98 Ind. 70 ; *State* v. *Berdetta*, 73 Ind. 185.

Some of the exceptions are where the statute creating the offence charged contains language which embraces acts evidently not intended to be made criminal, and cases where it was the evident intention of the Legislature that reference should be had to the common law for a complete definition of the offence declared by the statute. *Schmidt* v. *State*, 78 Ind. 41 ; Moore Crim. Law, section 171 ; *Anderson* v. *State*, 7 Ohio, 607 ; *Mains* v. *State*, *supra*.

The case of *Mains* v. *State*, *supra*, falls within the latter exception.

The statute under consideration does, in our opinion, create and fully define the offence for which the appellant was prosecuted. It declares that whoever keeps a place where intoxicating liquors are sold, bartered, given away, or suffered to be drunk in a disorderly manner, to the annoyance or injury of any part of the citizens of this State, shall be fined, etc. In such case we think it sufficient, in charging the violation of such statute, to follow the language of the Legislature in defining the offence. We think the indictment above set out charges a public offence, and that the court did not err in overruling the motion in arrest of judgment.

The appellant assigned in the court below nineteen reasons for a new trial, but we shall consider those only which he has seen fit to discuss in his able brief in the cause.

It is earnestly insisted that the evidence in the cause does not tend to support the verdict of the jury, and it is urged in support of this contention that there is no evidence that any of the persons claiming to have been disturbed by the dis-

orderly manner in which the saloon named in the indictment was kept were citizens of the State of Indiana.

It appears from the evidence in the cause that the saloon in question is located on a public street in the town of Marion, in Grant county, Indiana.

Many of those claiming to have been disturbed by the disorderly manner in which the saloon was kept testified that they resided in said town and near the saloon, but none of them testified in direct terms that they were citizens of the State. The question is, was this evidence sufficient to authorize the jury to infer that these persons were citizens?

Webster defines *citizen:* 1. "One who enjoys the freedom and privileges of a city, as distinguished from a foreigner, or one not entitled to its franchises." 2. "An inhabitant in any city, town, or place."

It was evidently the intention of the Legislature to protect those residing in the State from the annoyances incident to the keeping of a disorderly saloon, and to compel those engaged in the business of retailing intoxicating liquors to keep their places of business in an orderly manner. Having that object in view, it is reasonable to suppose that when it used the word "citizen" it used it with reference to the second definition of that word as given by Mr. Webster.

We think the jury, under all the evidence in the cause, might well have inferred that those claiming that they had been disturbed by the manner in which appellant kept his saloon were citizens of the State. We think the evidence tends to support the verdict of the jury.

During the progress of the trial various items of evidence were admitted over the objection of the appellant, but after a careful examination of such evidence we do not think it subject to the objections urged against it. It had some bearing upon the main question under consideration, tending to show the manner in which the appellant conducted his business, and the means of knowledge possessed by some of the

witnesses produced by the appellant, and was, in our opinion, for these reasons admissible.

On the trial of the cause, the appellant, for the purpose of impeaching one of the witnesses for the State, put to her this question :

"You may state to the jury, Mrs. Colors, if you did not, to-day, in this building, in the presence and hearing of Laura Redman, say to Della Middleton these words : 'All the rest of us are going to say that he was drunk all the time ; that we never saw him sober, and you just get up there and say the same thing,' speaking of Skinner."

To which, witness answered : "Yes, sir; I was speaking, and all said that he was drunk, and that ain't no lie."

Question. "And for her to say the same thing?"

Answer. "I didn't tell her what to say ; I have nothing to say about what she has to say, nor didn't tell her anything she should say."

The appellant then called Laura Redman, and put to her this question :

"You may state whether or not, to-day, in this building, Mrs. Colors, speaking of Allen Skinner to Della Middleton in your presence and hearing, said these words : 'All the rest of us are going to say that he was drunk all the time ; that we never saw him sober, and you just get up there and say the same thing.'"

To this question the State objected, and the court sustained the objection.

The appellant then offered to prove by Laura Redman that on that day, in the building they then occupied, Mrs. Colors, a witness for the State, said of the appellant, to Della Middleton, in the presence and hearing of the witness, Laura Redman, the words : "All the rest of us are going to swear that he was drunk all the time ; that we never saw him sober, and you just get up there and say the same thing." But the court refused to permit this evidence to go to the jury, and the appellant excepted.

Mrs. Colors was one of the witnesses for the State, and had testified that she had been annoyed by the disorderly manner in which appellant had kept the saloon then under investigation.

In the case of *People* v. *Hall*, 4 Am. Cr. Rep. 357, it was held to be competent for the defendant to show that a witness for the prosecution had been procuring witnesses against the defendant, as it might tend to weaken his testimony in the minds of the jury; indeed, it is no uncommon thing to show that a witness has taken an active part on the side for which he testifies with a view of weakening the testimony of such witness.

We suppose the learned judge, who excluded this offered evidence, had in mind the well known rule that a witness can not be impeached in a matter collateral to the issue on trial, but it now seems to be well settled that the feeling of a witness who testifies in a cause is not a collateral matter. The case of *Powell* v. *Martin*, 10 Iowa, 568, is directly in point. In that case the witness was asked a question which, if answered in the affirmative, would have shown that he had been taking an active part in trying to procure testimony for the party on whose behalf he had testified, but he answered the questions in the negative. It was held that the party against whom he gave his testimony was entitled to impeach him by proving by other witnesses that he had been active in attempting to procure testimony in the cause, and in support of the ruling the court cites 1 Greenl. Ev., section 450, *Atwood* v. *Welton*, 7 Conn. 66, Swift Ev. 148, *Turner* v. *Austin*, 16 Mass. 181, 185, and *Tucker* v. *Welsh*, 17 Mass. 160.

The general rule undoubtedly is, that where a witness is cross-examined on matters collateral to the issues, his answer can not be contradicted by the party putting the question. This rule, however, has no application where it is sought to show that the witness has an interest in the case, or that he is hostile to one of the parties to the suit, and if such witness, on cross-examination, denies such interest or

such hostility, he may be contradicted by his own acts or statements. *Scott* v. *State*, 64 Ind. 400; *Johnson* v. *Wiley*, 74 Ind. 233; *Stone* v. *State, ex rel.*, 97 Ind. 345.

In our opinion, the court erred in excluding the evidence offered by the appellant as above set out, for which error this cause must be reversed.

Judgment reversed, with instructions to the court below to grant the appellant a new trial, and for further proceedings not inconsistent with this opinion.

Filed Sept. 25, 1889.