Nov. Term,
1859.

MARBLE
v.
THE STATE.

---

## MARBLE *v.* THE STATE.

Information for usury as follows: That *A.*, on, &c., at, &c., did then and there unlawfully bargain for a greater rate of interest, &c. *Held*, that this is sufficient without the use of the words *corruptly* and *usuriously*.

The information also alleged that said *B.* did then and there loan *from* the said *A.*, &c., instead of saying that said *A.* did then and there loan *to* the said *B.* *Held*, that this was not a substantial defect.

*Wednesday,
December 7.*

APPEAL from the *Gibson* Court of Common Pleas.

DAVISON, J.—Prosecution against *Painter Marble* for usury. The information charges "that *Marble*, on, &c., at, &c., did then and there unlawfully bargain for a greater rate of interest than was then or now is allowed by law, with one *John M. Boren;* to-wit, the said *Boren* did then and there loan for the space of one year, from the said *Marble*, the sum of 1,000 dollars, for the use and forbearance of which, for the term of one year, the said *Boren* made an agreement with said *Marble* to pay to him, *Marble*, 10 per cent. interest, or 100 dollars—exceeding the

legal rate of interest 4 per cent., or 40 dollars—being unlawful and usurious interest; contrary," &c.

Motion to quash the information overruled. Plea, not guilty. Finding and judgment for the state.

An objection is raised to the information, "because it fails to allege that the illegal interest was corruptly and usuriously taken." The lawful rate of interest is 6 per cent. per annum. 1 R. S. p. 343. And the statute upon which the information is predicated is as follows:

" Any person who shall directly or indirectly bargain for, receive, or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law, shall be fined in five times the interest so unlawfully bargained for, taken, or reserved," &c. 2 R. S. p. 440, § 51.

Thus it will be seen that the statute defining the offense of usury, does not use the terms "corruptly and usuriously," or either of them. And the general rule is, that "the description of the offense in an indictment in the language of the statute defining it, is sufficient." *The State* v. *Bougher*, 3 Blackf. 307.

The rule thus stated seems to be alike applicable to informations under the code of criminal procedure now in force; and though there are exceptions to it, none of them apply to the offense defined in the statute before us. Here the information avers "that the defendant, on, &c., at, &c., did unlawfully bargain for a greater rate of interest than was then, or is now, allowed by law," &c. This, in our judgment, brings the offense within the statute, and sufficiently alleges the defendant's criminal intent in bargaining for the illegal interest. As we have seen, the information, in stating the illegal bargain, avers that " the said *Boren* did then and there loan from the said *Marble* the sum of 1,000 dollars, for the use and forbearance of which for the term of one year, the said *Boren* made an agreement with said *Marble* to pay him, *Marble*, 10 per cent.," &c. This averment, it is insisted, does not sufficiently charge the defendant with having done the act of loaning the money. We think otherwise. In point of form, it

Nov. Term,
1859.

would, perhaps, have been more appropriate to have alleged that *Marble* did then and there loan *to Boren*. Still the information as it stands, is sufficiently explicit, and is not substantially defective.

*Per Curiam.*—The judgment is affirmed with costs.

*A. C. Donald*, for the appellant.