Howard *et al.* *v.* The State.

---

No. 10,695.

HOWARD ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Disturbing Meeting.*—*Statute Construed.*—An indictment under section 1988, R. S. 1881, charging in proper terms a disturbance of "a meeting of inhabitants of S. county, and State of Indiana, met together for a lawful purpose," is sufficient, without stating more specifically the purpose of the meeting.

From the Sullivan Circuit Court.

*J. T. Hays* and *H. J. Hays,* for appellants.

*F. T. Hord,* Attorney General, *J. W. Shelton,* Prosecuting Attorney, and *W. B. Hord,* for the State.

NIBLACK, J.—This was a criminal prosecution based upon an affidavit, and commenced before a justice of the peace. After a finding and judgment against them before the justice, the defendants appealed to the circuit court, where they moved to quash the affidavit, but their motion was overruled. The court trying the cause found the defendants guilty as charged, and, over a motion in arrest, rendered judgment accordingly. The defendants, still further appealing to this court, have submitted an elaborate argument against the sufficiency of the affidavit.

The affidavit charged "that, on or about the 14th day of

Howard *et al. v.* The State.

November, in the year 1882, at the county of Sullivan and State of Indiana, Benjamin Howard and William Howard, late of said county, did then and there, by loud and unnecessary talking, abusive, profane and obscene language, by threatenings and violent actions, and other rude behavior, interrupt, molest and disturb a meeting of inhabitants of Sullivan county and State of 'Indiana, and of persons present thereat, and met together, then and there, for a lawful purpose."

The objection made to the affidavit is that it did not state the particular purpose for which the meeting had assembled, so as to enable the court to determine whether the purpose for which it had met was or was not a lawful purpose.

In support of this objection, it is argued that the allegation that the inhabitants and others composing the meeting had met together for a lawful purpose, was but the averment of a conclusion of law, and not of an issuable fact, and was, in any event, too general and indefinite to constitute such a specific charge against the defendants as was necessary to put them upon their defence. The statute for the protection of meetings lawfully assembled is as follows :

" Whoever, by any loud or unnecessary talking, hallooing, or by any threatening, abusive, profane, or obscene language, or violent actions, or by any other rude behavior, interrupts, molests, or disturbs any collection of any inhabitants of this State convened for the purpose of worship, or any agricultural fair or exhibition, or any person present thereat or going to or returning therefrom ; or who, in like manner, interrupts, molests, or disturbs any meeting of inhabitants of this State met together for any lawful purpose,—shall be fined in any sum not more than $50 nor less than $5." R. S. 1881, section 1988.

This section may, we think, be paraphrased and substantially re-stated as follows : Whoever, by any one or more of certain kinds of misconduct, shall interrupt, molest or disturb any collection of inhabitants of this State, convened for

the purpose of worship, or of holding any agricultural fair or exhibition, or any person present thereat, or going to or returning therefrom, shall be fined in any sum not more than $50 nor less than $5; or whoever shall, in like manner, interrupt, molest or disturb any meeting of inhabitants of this State, met together for any lawful purpose, shall be subject to a like punishment.

As must be observed, two distinct offences are defined; one for the protection of persons collected together for one of certain particular purposes, and the other for the protection of persons met together for any lawful purpose. The general rule is that, in charging an offence in an indictment or information, it is sufficient to follow the language used by the statute defining the offence, and that is especially so where, tested by the analogies of the law, the statutory definition is full and complete. Applying that rule to the section set out as above, and regarding the definition of both the offences embraced within it as practically sufficient, without any additions by judicial construction, we are of the opinion, that, in framing an indictment or information under the latter clause of that section, it is not necessary to state the particular purpose for which the meeting had assembled; an allegation that the inhabitants named had met together for a lawful purpose being, in that respect, sufficient. *State* v. *Zimmerman,* 53 Ind. 360; *State* v. *Smith,* 5 Harrington, 490; 1 Bishop Crim. Proced., section 611; Bishop Stat. Crimes, section 378; Moore Crim. Law, section 170.

Whether a particular meeting, assembled for a lawful purpose, and considered with reference to the time, place, or manner of its coming together, constituted a lawful assemblage of inhabitants of the State, is a question to be determined upon the evidence, and concerning which it is impracticable to make more than general averments in the indictment or information.

In a case like this the sufficiency of the affidavit must be

judged by the same rules as would be applied to an indictment or information. *Lindsey* v. *State,* 72 Ind. 39.

We see no error in the refusal of the court to quash the affidavit in this case. The judgment is affirmed, with costs.

Petition for a rehearing overruled.