The State *v.* Miller.

Filed Oct. 18, 1884.

No. 11,782.

THE STATE *v.* MILLER.

CRIMINAL LAW.—*Indictment.*—*Description of Offence.*—As a rule, an indictment charging an offence in the language of the statute is sufficient.

SAME.—*Conveyance to Defraud.*—*Intention.*—An indictment under section 2156, R. S. 1881, which states such facts as show that the accused was a party to a conveyance to defraud a purchaser, and that such conveyance was corruptly executed for such purpose, sufficiently describes the offence named in the first branch of such section.    It is not necessary to show that the conveyance was fraudulent; and in describing the intent it is sufficient to characterize it by appropriate words.

From the Wayne Circuit Court.

*F. T. Hord,* Attorney General, and *C. E. Shiveley,* Prosecuting Attorney, for the State.

*T. J. Study,* for appellee.

ELLIOTT, C. J.—This is an appeal from the judgment of the trial court sustaining the appellee's motion to quash the indictment.    The charging part of the indictment reads as

follows: "The defendant did then and there convey and assign by a good and sufficient deed of general warranty to one John M. Overspeck the following described real estate" (here follows a full description), "for a valuable consideration then and there paid by said John M. Overspeck to said defendant George W. Miller, to wit, valuable property of the value of three hundred dollars, and that thereafter, to wit, on the 19th day of March, 1883, said defendant did then and there unlawfully, wilfully, purposely, corruptly and fraudulently convey and assign to one Anna M. Jackson, of said county and State, by a deed of general warranty, for a valuable consideration, the real estate aforesaid, with intent then and there and thereby to unlawfully, wilfully, purposely, corruptly and fraudulently cheat and injure the said Anna M. Jackson as purchaser as aforesaid of the above real estate."

This indictment is based on section 2156 of the criminal code which reads thus: "Whoever, being a party to the sale and delivery of any goods or chattels, or to any conveyance or assignment of any interest in land, or of any profits issuing therefrom, or of any goods, chattels, or things in action, made to defraud purchasers, or to hinder, delay, or defraud creditors; or whoever, being privy to or knowing of such sale or conveyance, willingly puts the same in use, as having been made in good faith,—shall, upon conviction thereof, be imprisoned in the county jail not more than twelve months nor less than one month and be fined not more than two hundred dollars."

There are two branches to this section and the first makes it an offence to be a party to a conveyance or assignment made with the intent to defraud creditors or purchasers. The object of the statute is to punish one, who, with a corrupt purpose, becomes a party to a conveyance or assignment made to defraud a creditor or a purchaser, and the question here is, whether this indictment shows, with sufficient certainty, that the appellee was a party to a conveyance made to defraud a purchaser. We do not think that it is necessary to do more

than state such facts as show that the conveyance which a party makes was made to defraud creditors, it is not necessary to show that the conveyance made to him was fraudulent. It is enough to show that the conveyance which the accused made was corruptly executed to defraud a purchaser.

The statement of the intent is in form and substance all that the law requires. 1 Whart. Prec. 264, *n.; Shinn* v. *State,* 68 Ind. 423; Moore Crim. Law, section 746. It is obvious that an intent can not be described like a physical, tangible fact, and, therefore, all that need be done is to characterize by appropriate words the intent essential to the existence of the particular offence charged. Thus, in cases of fraudulently obtaining money under false pretences, of forgery, of possession of counterfeit money, and the like, all that is necessary is to aver an intent and characterize it as an intent to do that which the statute prohibits in the particular case. Bishop in discussing this subject says: " But how far need the allegation descend into detail? It should, as far as may be, identify the particular transaction, and thus become 'specific,' in a manner to give the defendant all reasonable notice of what is to be produced against him." 1 Bishop Crim. Pr. (3d ed.), section 526.

The general rule is that an indictment describing the offence in the language used by the statute in defining it is sufficient. *State* v. *Bougher*, 3 Blackf. 307; *Pelts* v. *State,* 3 Blackf. 28; *Marble* v. *State*, 13 Ind. 362; *Malone* v. *State,* 14 Ind. 219; *Stuckmyer* v. *State*, 29 Ind. 20; *Shinn* v. *State,* *supra; State* v. *Allisbach*, 69 Ind. 50; *Howard* v. *State,* 87 Ind. 68; *Toops* v. *State*, 92 Ind. 13. In the present case the language of the statute is substantially followed, and the terms employed are certainly of equivalent meaning with those used in the statute, and this is sufficient. 1 Bishop Crim. Pr., section 612. The indictment in this case states such facts as show that the appellee was a party to a conveyance made to defraud a purchaser; that the conveyance was corruptly made for that fraudulent purpose, and does, we

think, describe an offence under the first branch of the stat-
ute. We can not find any reason that will support the rul-
ing sustaining the motion to quash. R. S. 1881, sections
1755, 1756.

Judgment reversed.

Filed Oct. 16, 1884.