Riggs v. The State.

No. 12,740.

RIGGS v. THE STATE.

CRIMINAL LAW.—*Indictment for Larceny of Money.—Description of Money.—Constitutional Law.*—An indictment charging the defendant with having stolen "five hundred and twenty dollars of the paper currency, money and bank notes, current in the United States," is, under section 1750, R. S. 1881, sufficient as to the description of the money. The said section is not in conflict with the provision of the Constitution which provides that "the accused shall have a right to demand the nature and cause of the accusation against him."

SAME.—*Evidence.*—One from whom money has been stolen is only required to give the best description of it attainable, and to show an excuse for not doing more.

From the Fayette Circuit Court.

*B. F. Claypool* and *J. H. Claypool*, for appellant.

*F. T. Hord*, Attorney General, *L. M. Develin, R. Conner* and *H. L. Frost*, for the State.

ELLIOTT, J.—The property which the appellant is charged to have stolen is thus described: "Five hundred and twenty dollars of the paper currency, money and bank notes, current in the United States, a more particular description of which currency, money and bank notes affiant can not give; said five hundred and twenty dollars being then and there the personal property of this affiant, Samuel Lamberson, and then and there of the value of five hundred and twenty dollars."

The description of the money alleged to have been stolen is sufficient under the provisions of section 1750 of our statute. It is true that the exact words of the statute are not employed, but it is affirmed by a long line of decisions that it is not necessary to use the words of the statute, provided words of equivalent meaning are used. *State* v. *Miller*, 98 Ind. 70; *Toops* v. *State*, 92 Ind. 13; *Howard* v. *State*, 87 Ind. 68; *State* v. *Allisbach*, 69 Ind. 50; *Shinn* v. *State*, 68 Ind. 423; *Stuckmyer* v. *State*, 29 Ind. 20; *Malone* v. *State*,

14 Ind. 219; *Marble* v. *State*, 13 Ind. 362; *Pelts* v. *State*, 3 Blackf. 28; *State* v. *Bougher*, 3 Blackf. 307.

As the language employed in the affidavit and information is equivalent in meaning to that which the statute declares shall be sufficient, the ruling of the trial court denying the motion to quash must be sustained, unless the statute is unconstitutional.   It is affirmed that it is so because in conflict with the provision of the Constitution, that the accused shall have a.right " to demand the nature and cause of the accusation against him, and to have a copy thereof."

We have no doubt that a statute attempting to deny an accused the right to demand the nature of the charge preferred against him would be void.   It is not in the power of the Legislature to deprive one accused of crime of the right to demand information of the nature of the crime which he is charged with having committed.   *Miller* v. *State*, 79 Ind. 198; *Landringham* v. *State*, 49 Ind. 186; *McLaughlin* v. *State*, 45 Ind. 338; *State* v. *O'Flaherty*, 7 Nev. 153.

We agree with Mr. Bishop that " The ' nature and cause' of accusation are not stated where there is no mention of the full act or series of acts for which the punishment is to be inflicted."   1 Bishop Crim. Proc., section 88.   This rule requires that the indictment or information shall contain the essential elements of the crime charged, although, as said in *State* v. *O'Flaherty, supra*, " The power of the Legislature to mold and fashion the form of an indictment is plenary."

If the statute under examination can be regarded as depriving an accused of the right " to demand the nature and cause of the accusation against him," it must fall.   The question is, does it deprive an accused of that right?   Our judgment is that it does not.   It does not dispense with a statement of any of the essential ingredients of a criminal offence, but merely prescribes a rule for the description of bank notes, or coin, current as money, when the property stolen is of that class. It does not profess to dispense with all description of the property stolen, but simply declares what description shall

be sufficiently specific.  It does not attempt to dispense with a description of the class or kind of property, but merely provides that "it shall be sufficient to describe such money, bills, notes, or currency simply as money, without specifying any particular coin, note, bill, or currency."

The statute is confined solely to the matter of description, and provides the method of describing a particular kind or class of property.  The description of the class or kind of property, accompanied by a statement of all the essential ingredients of the crime, is sufficient to inform the accused of the nature and cause of the accusation against him.  The Constitution does not require that an accused shall have a right to a specific statement of the charge against him, but the requirement is that he shall be informed of the nature of the charge.  There is a material difference between a provision dispensing with a description of the stolen property entirely, and one prescribing the degree of particularity to be observed in giving the description, for the nature of an offence may not be stated where there is no description at all, but may be stated by a description of the class or kind of property, although it is not specifically described.  It has always been held that where a person from whom property has been stolen is unable to describe it, the indictment will be sufficient if it alleges an excuse for not giving a particular description. 2 Bishop Crim. Proc., section 705.  Any other rule would often permit the thief to go unpunished.  As was said by us in *McQueen* v. *State*, 82 Ind. 72, "It would be unreasonable to expect one who is robbed of money, or its representative, to give an accurate description of it, and it would render it almost impossible to convict a thief or a robber if courts should undertake to require the prosecutor in all cases to give a particular description of the money or note feloniously taken.  The failure to give an exact description can never endanger the liberty of an innocent man, but the enforcement of such a rule as that for which counsel contend would furnish the guilty with ready and easy means of escape."

The Cleveland, Columbus, Cincinnati and Indianapolis R. R. Co. v. Newell.

We refer to these authorities for the purpose of showing that it has ever been the law that particularity of description may be dispensed with, and that there is a material difference between such matters and the essential elements of a criminal offence.   If a grand jury, or a prosecuting attorney, may dispense with particularity of description, certainly the supreme legislative power of the commonwealth may do so.

It is only where a statute is clearly unconstitutional that it will be overthrown by the courts, and the one before us certainly can not be regarded as so clearly in conflict with the Constitution as to warrant us in declaring it void.   *Robinson* v. *Schenck*, 102 Ind. 307.   So far are we from regarding the statute under consideration as clearly unconstitutional, that we are well satisfied that it is plain that it is not in conflict with the Constitution.

We can not reverse the judgment upon the ground that the money stolen from Lamberson was not particularly identified. It would be unreasonable to require a man who has lost a large sum of money to particularly describe the various notes and bills.   All that can be done, and all that need be done, in such a case, is to give the best description attainable, and show an excuse for not doing more.   The statute to which we have referred declares this rule, and in doing this does little more than express the rule of the common law.

Judgment affirmed.

Filed Dec. 17, 1885.