Filed Sept. 17, 1886.

---

No. 13,210.

## HUDSON v. THE STATE.

CRIMINAL LAW.—*Murder.*—*Evidence.*—For evidence considered and held sufficient to sustain a conviction for murder in the first degree, see opinion.

SAME.— *Weight and Sufficiency of Evidence.*—*Supreme Court.*—*Practice.*—Where the evidence tends to support the verdict on every material point, the Supreme Court will not reverse the judgment merely on the weight or sufficiency of the evidence.

From the Perry Circuit Court.

*W. H. Thomas,* for appellant.

*F. T. Hord,* Attorney General, *W. A. Land,* Prosecuting Attorney, and *H. M. Logsdon,* for the State.

HOWK, C. J.—The indictment in this case charged the appellant with the crime of murder in the first degree, in feloniously, purposely and with premeditated malice, unlawfully killing one Stephen Ellis, on the 30th day of January, 1886, at the county of Spencer. Upon his arraignment in the Spencer Circuit Court, the appellant said for his plea to such indictment, that he was not guilty as therein charged. Afterwards, on his application, the venue of the cause was changed to the court below. There, the issues joined were tried by a jury, and a verdict was returned finding appellant guilty of murder in the first degree, as charged in the indictment, and assessing his punishment at imprisonment for life in the State's prison. Over his motion for a new trial, the court rendered judgment on the verdict.

Hudson *v.* The State.

In this court, the only error assigned by the appellant is the overruling of his motion for a new trial. The only causes assigned for such new trial were, that the verdict of the jury was contrary to law and was not sustained by sufficient evidence. It is claimed, on behalf of the appellant, that if the evidence was sufficient to show that he was guilty of any degree of felonious homicide, in the killing of Stephen Ellis, it was of no higher grade or degree than voluntary manslaughter; and that the evidence wholly failed to show that, in the killing of Ellis, he was guilty of murder in the first degree, as found by the jury. The evidence is properly in the record, and it has been carefully read and considered. It showed with reasonable certainty that the appellant was in the town of Rockport, in Spencer county, during the afternoon of January 30th, 1886; drinking intoxicating liquors at different saloons; that he purchased a revolver at one place, and having procured cartridges therefor he loaded the same and placed it in his pocket; that, in the evening of that day, he entered a saloon where Ellis and a friend were engaged in conversation, and addressed them rudely and insolently; that soon afterwards appellant and Ellis and three or four other persons left the saloon and started for their several homes; and that they had not proceeded far until appellant and Ellis, who were walking side by side, became involved in a fistfight and scuffle, but they were soon separated without material injury to either of them. It is further shown by the evidence, that a few minutes afterwards Ellis started off by himself in the direction of his home; and that thereupon the appellant stepped out in front of Ellis, and, with his revolver, shot him in the right side of his breast, from which wound death ensued almost immediately.

Upon such facts as these, which there was evidence tending to establish, we are of opinion that the jury were fully authorized to find the appellant guilty of murder in the first degree, in killing Stephen Ellis. On the trial of the cause, appellant was a witness in his own behalf, and his version of

the tragic events resulting in the death of Ellis differed materially, in many particulars, from that given by the other witnesses, the substance of which we have heretofore stated. If the jury had believed appellant's testimony, we may well suppose their verdict would have been very different from what it was. It is manifest, however, that the jury did not believe such testimony, and, as they were the exclusive judges of the credibility of the witnesses, it was for them to determine which of the witnesses were the more worthy of belief. There is evidence in the record which strongly tends, we think, to sustain the verdict of the jury on every material point; and such verdict was approved by the learned judge who presided at the trial below and heard all the evidence. In such a case, it is settled that this court will not, even in a criminal cause, disturb the verdict or reverse the judgment merely on the weight or sufficiency of the evidence. *Clayton* v. *State*, 100 Ind. 201; *Padgett* v. *State*, 103 Ind. 550; *Kleespies* v. *State*, 106 Ind. 383.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

