Ritter v. The State.

No. 13,787.

RITTER v. THE STATE.

CRIMINAL LAW.—*Embezzlement.*—*Indictment.*—*"Employee."*—*Meaning of and Averments as to.*—The word " employee " has a well defined meaning, and in an indictment for embezzlement against one employed by another, charging him with having embezzled the funds of his employer, it is sufficient to describe him as an "employee," without setting out the facts constituting the employment.

SAME.—*Supreme Court.*—*Practice.*—*Case not Reversed on Weight of Evidence.*— In a criminal case the verdict will not be disturbed on appeal, nor the judgment reversed, merely on the weight or sufficiency of the evidence.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*L. T. Michener,* Attorney General, *F. D. Merritt,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

HOWK, J.—The indictment in this case charged that appellant, Ritter, "on the 23d day of September, 1886, at the county of Elkhart and State of Indiana, was then and there an employee of one John McCarter; that said Daniel Ritter, as such employee, then and there had the control and possession of divers moneys, bills, notes, United States treasury notes, and national bank notes, current money of the United States, amounting in all to the sum of $315, of the property of the said John McCarter, to the possession of which the said John McCarter was then and there entitled; a more particular and accurate description of said moneys, bills, notes, United States treasury notes and national bank notes, is to this grand jury unknown and can not be given for the reason that they are in the possession of some person or persons to this grand jury unknown; that said Daniel Ritter did then and there, and while in the employment of said John McCarter, unlawfully, purposely, knowingly, fraudulently and feloniously purloin, secrete, embezzle and appropriate to his own use all of said moneys, bills, notes, United States treasury notes and national bank notes, then and there

in the possession of said Daniel Ritter as aforesaid, without then and there having the consent of said John McCarter so to do."

Appellant's motion to quash the foregoing count of the indictment herein was overruled by the court, and this ruling is the first error, of which complaint is here made by his learned counsel. It is manifest that, in and by this first count of the indictment, the State intended to charge appellant with the commission of the public offence, which is defined and its punishment prescribed in section 1944, R. S. 1881. In that section it is provided as follows: "Every officer, agent, attorney, clerk, servant, or employee of any person or persons, corporation or association, who, having access to, control, or possession of any money, article, or thing of value, to the possession of which his or her employer or employers is or are entitled, shall, while in such employment, take, purloin, secrete, or in any way whatever appropriate to his or her own use, or to the use of others, * * * any money, coin, bills, notes, credits, choses in action, or other property or article of value, belonging to or deposited with, or held by such person or persons, or corporation or association, in whose employment said officer, agent, attorney, clerk, servant, or employee may be, shall be deemed guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the State prison," etc.

It is claimed on behalf of appellant, that the trial court erred in overruling his motion to quash the first count of the indictment, because it charges that appellant was "an employee of one John McCarter," and does not state the facts which would enable the court to ascertain and determine whether or not he was such "employee" within the meaning of that word as used in the statute. In discussing this objection to the indictment, appellant's counsel says: "In criminal pleading it is necessary to specify facts from which the conclusion flows that one is an employee; it will not do to state the conclusion. It was necessary for the

pleader to state, in the indictment, the capacity in which appellant was engaged; and it would be for the court to state, as matter of law, on motion to quash, whether or not under the averments of the indictment a public offence had been committed. The ultimate fact to be found, to constitute guilt, was the fact whether appellant was an employee, or not an employee. It will not do to charge, in the indictment, the ultimate fact."

We do not think this objection to the indictment is well taken or can be sustained. The word "employee," although of French derivation, was long since transplanted and adopted as an English or, at least, an American word. In this country it is of such common use that its meaning is not at all uncertain. Besides, the word "employee" is one of those used in the statute, in specifying the persons who may commit the public offence of embezzlement; and, as a general rule, under our decisions, in framing an indictment or information, it is safe to adopt and follow the terms and language of the statute. *Shinn* v. *State*, 68 Ind. 423; *Howard* v. *State*, 87 Ind. 68; *Toops* v. *State*, 92 Ind. 13; *State* v. *Miller*, 98 Ind. 70.

Webster thus defines the word "employee:" "One who is employed." If, in the case in hand, appellant was not employed by John McCarter, in any capacity or for any purpose, he was not guilty of the crime of embezzlement as defined in our statute; but if he was so employed, no matter in what capacity or for what purpose, and by virtue of his employment was entrusted with money of his employer, which he fraudulently and feloniously appropriated to his own use, he was no doubt guilty, under our statute, of the public offence of embezzlement. 1 Bishop Crim. Law, section 567; 2 Bishop Crim. Law, section 325.

It is doubtful whether the indictment under consideration does, or does not, show with sufficient certainty that appellant, by virtue of his employment, was entrusted with the money upon which the charge of embezzlement against him is predicated. *Smith* v. *State*, 28 Ind. 321; *State* v. *Wingo*,

89 Ind. 204. This objection to the indictment, if it be one, is not made by appellant, and, therefore, is not considered. See, on the subject of such objection, *Jones* v. *State*, 59 Ind. 229.

Under the alleged error of the court below in overruling appellant's motion for a new trial, it is claimed by his counsel that the verdict of the jury was not sustained by sufficient evidence. We are of opinion, however, that the evidence in the record makes a stronger and more certain case of embezzlement against appellant, as the offence is defined in our statute, than the case stated in the indictment herein. There is no room for doubt, under the evidence, that appellant was an employee of John McCarter in a particular capacity and for a specific purpose; that as such employee, and by reason of his employment, appellant was entrusted by McCarter with the sum of money named in the indictment, in furtherance of the purpose for which he was employed; and that he never applied the money to such purpose, nor accounted for it in any way, but he disappeared from Elkhart county and was not seen or heard of by McCarter, who was interested in finding him, for about three months.

Appellant was a witness on the trial, but his account of the transaction was inconsistent and improbable, and was contradicted by the testimony of other witnesses. Manifestly the jury did not believe appellant's testimony, and they were the exclusive judges of the credibility of the witnesses, and of the weight and value of the evidence.

We can not disturb the verdict on the evidence. On every material point necessary to the conviction of appellant there is evidence in the record which fairly tends to sustain the verdict. In such a case it is settled by our decisions that, even in a criminal cause, the verdict will not be disturbed here, nor the judgment be reversed, merely on the weight or sufficiency of the evidence. *Clayton* v. *State*, 100 Ind. 201; *Hudson* v. *State*, 107 Ind. 372; *Garrett* v. *State*, 109 Ind. 527.

We have carefully considered all the matters complained of here in the exhaustive brief of appellant's counsel, and our conclusion is that there is no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed June 23, 1887.