Trout v. The State.

Filed Sept. 20, 1887.

No. 13,310.

TROUT v. THE STATE.

CRIMINAL LAW.—*Lottery.*—*Sale of Share or Chance in.*—*Information.*—*Sufficiency of.*—An information charging the sale of a share or chance in a lottery scheme or gift enterprise, substantially in the language of section 2077, R. S. 1881, defining the offence, is good on motions to quash and in arrest of judgment.

SAME.—*Repugnant Allegations.*—*Surplusage.*—*Motions to Quash and in Arrest.* —Contradictory and repugnant allegations in an information, unless containing matter which, if true, constitutes a legal bar to the prosecution, will be regarded as surplusage and afford no ground for quashing the information, where the offence is charged therein with sufficient certainty.

SAME.— *Weight of Evidence.*—A verdict will not be disturbed on the weight of the evidence.

From the Marion Criminal Court.

*J. N. Scott*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

HOWK, J.—In this case appellant was prosecuted and convicted upon affidavit and information for the unlawful sale of a share in a lottery scheme and gift enterprise. From the judgment of conviction he has appealed to this court, and has here assigned errors which call in question the overruling (1) of his motion to quash the information, (2) of his motion for a new trial, and (3) of his motion in arrest of judgment.

Of these alleged errors the first and third will be consid-ered together, as they each present the single question of the alleged insufficiency of the facts stated in the affidavit and information herein to constitute a public offence.

It was charged, substantially, in the affidavit and informa-tion that, on November 17th, 1885, at and in Marion county, appellant unlawfully sold to John W. Page for the sum of ten cents, then and there paid by Page to appellant, one share, chance and opportunity to draw in a certain lottery scheme and gift enterprise for the division of personal property, to wit, certain sums of lawful money of the United States, to be determined by chance and lot, which said sums of money and a particular description thereof were to affiant unknown, and, therefore, could not be given ; and the plan and scheme for the division and distribution of such sums of money, by said lottery scheme and gift enterprise, were to affiant unknown, and could not be given ; and the mode of operating and con-ducting such lottery scheme and gift enterprise, and the name and style and a more particular description thereof, were un-known to affiant, and, for that reason, could not be given ; that, as a part of such lottery scheme and gift enterprise, ap-pellant permitted said Page, in consideration of the aforesaid sum of ten cents so paid to appellant as aforesaid, to select any three numbers from a large number of numbers designated by appellant, and in the event two of the three numbers, so selected by said Page, were drawn, designated and selected by the managers and operators of such lottery scheme and gift enterprise, said Page would be entitled to a large share of money, to wit, the sum of forty-six cents, of the sum of money to be divided as aforesaid by the managers and oper-ators of such lottery scheme and gift enterprise as aforesaid ; and in the event two of such three numbers were not drawn, designated and selected by said managers and operators, then the said Page would not receive any part or share whatever of said sum of money ; that thereupon, said Page then and there selected and designated the numbers 3–19–67, from

said large number of numbers, and then and there paid appellant for the share and chance aforesaid the sum of ten cents as aforesaid; and according to the plan and scheme of said lottery scheme and gift enterprise, said numbers 3–19–67 entitled said Page, the purchaser thereof, to the sum of forty-six cents of the sum of money to be so divided as aforesaid, in case two of the three of said numbers were drawn, designated and selected from a large number of numbers by the managers and operators of said lottery scheme and gift enterprise; and in case two of said numbers 3–19–67, so purchased as aforesaid, were not drawn, designated and selected as aforesaid by the managers and operators of such lottery scheme and gift enterprise, then, and in that event, said Page would not be entitled to and would not receive any part or share of the money to be so divided by chance and lot by the managers and operators of said lottery scheme and gift enterprise as aforesaid.

From the facts stated and recited in the affidavit and information herein, the substance of which we have given, it is manifest that it was intended to charge appellant therein and thereby with the offence against public policy which is defined, and its punishment prescribed, in section 2077, R. S. 1881.

That section reads as follows : " Whoever sells a lottery ticket or tickets or share in any lottery scheme or gift enterprise; or acts as agent for any lottery scheme or gift enterprise; or aids or abets any person or persons to engage in the same; or transmits money by mail or express, or otherwise transmits the same, to any lottery scheme or gift enterprise for the division of property, to be determined by chance; or makes or draws any lottery scheme or gift enterprise for a division of property not authorized by law,—on conviction thereof, shall be fined in any sum not more than five hundred dollars nor less than ten dollars."

With the statute defining the offence charged and the foregoing summary of the facts stated in the affidavit and infor-

mation herein before us, we proceed now to the consideration of the objections urged by appellant's learned counsel to the sufficiency of such affidavit and information.

Counsel vigorously contends that appellant's motion to quash the information herein ought to have been sustained by the trial court, for the following reasons, namely:

" 1. Because the acts charged do not constitute a public offence.

" 2. Because the information does not charge the offence with sufficient particularity and certainty.

" 3. Because the allegations of the information are contradictory and repugnant."

In discussing together the first two of these reasons, appellant's counsel insists that the information is bad, in that it charges merely conclusions in regard to the lottery scheme mentioned therein, and does not state " the process by which the result was to be determined." Counsel says : " The appellant was entitled to know this, in order that he might properly prepare his defence. The court was entitled to know it, in order that it might be able to determine whether it was an offence—whether the process was such as constituted a lottery."

It is no doubt true that an information or indictment, under our criminal code, must state " with sufficient certainty " the facts constituting the offence intended to be charged, or it must be held bad on motion to quash. Section 1759, R. S. 1881 ; *Trout* v. *State*, 107 Ind. 578.

Under our decisions, as a general rule, an indictment or information will be sufficient to withstand a motion to quash if it charge the offence in the language of the statute, or in terms substantially equivalent thereto. *Howard* v. *State*, 87 Ind. 68 ; *State* v. *Miller*, 98 Ind. 70 ; *Ritter* v. *State, ante*, p. 324.

It is conceded by appellant's counsel in the case under consideration, that the offence is charged " substantially in the words of the statute." But counsel claims this is not

sufficient in this case. The statute does not define the offence by setting out particularly the facts constituting it. " If it had so defined the offence," counsel says, " an information simply following the words of the statute might have been sufficient."

It is very clear, we think, that appellant's counsel wholly misapprehends the force and effect of the language of the section of the statute heretofore quoted in this opinion. In words of no uncertain meaning, the statute clearly defines the offence charged, and intended to be charged, in the information, the substance of which we have heretofore given. " Whoever sells a lottery ticket or tickets, or share in any lottery scheme or gift enterprise," says the statute, " on conviction thereof shall be fined," etc. The information herein charged that on, etc., at, etc., appellant unlawfully sold to John W. Page, for a specified sum of money then and there paid, " one share, chance and opportunity to draw in a certain lottery scheme and gift enterprise," for the division of certain sums of lawful money to be determined by chance and lot, etc. The offence is charged in the information herein substantially in the language of the statute, and, we think, with sufficient certainty. *Ritter* v. *State, supra.*

But appellant's counsel further insists that the information ought to have been quashed, because the allegations thereof were " contradictory and repugnant." It is not claimed by counsel, however, that the information herein " contains any matter which, if true, would constitute a legal justification of the offence charged or other legal bar to the prosecution." Section 1759, *supra.* Any other contradictory and repugnant matter would afford no ground for quashing the information, where, as here, the offence is charged therein with sufficient certainty, but must be regarded as at most mere surplusage.

For the reasons given we are clearly of the opinion that the trial court did not err in overruling either the motion to

quash the information herein, or the motion in arrest of judgment.

Under the alleged error of the court below in overruling appellant's motion for a new trial herein, his counsel insists that the verdict of the jury was not sustained by sufficient evidence. We can not disturb the verdict on the evidence. There is evidence in the record which fairly tends, we think, to sustain the verdict on every material point. In such case it is settled by our decisions that, even in a criminal cause, the judgment will not be reversed on the evidence. *Garrett* v. *State*, 109 Ind. 527. The supposed variance between the allegations of the information and the evidence is not worthy of serious consideration. The variance was wholly immaterial. There was no error, we think, in the overruling of appellant's motion for a new trial.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

