Ard *et al. v.* The State.

Filed May 16, 1888.

———————◆———————

No. 14,188.

## ARD ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Affidavit Before Justice of the Peace.*— *Unknown Persons.*— Under section 1755, R. S. 1881.—which is held applicable to proceedings before justices of the peace—an affidavit charging a public offence will be sufficient if the defendant is described therein as a person whose name is unknown to the affiant.

SAME.—*Insufficient Warrant.*—*Appearance.*— *Waiver of Defects.*—A warrant issued by a justice of the peace commanding the arrest of a named

Ard *et al. v.* The State.

person "and five other persons, whose names are unknown," is bad as to all persons arrested thereunder, except the one whose name is given, if timely objection be taken; but a motion to quash the warrant and discharge the defendants from custody will be unavailing if made after such parties have secured a continuance and entered into a recognizance for their future-appearance.

SAME.— *Weight of Evidence.—Supreme Court.*—A finding or verdict, if sustained by evidence on every material point, will not be disturbed by the Supreme Court, even in a criminal case, on the mere weight of the evidence.

PROSECUTING ATTORNEY.—*Docket Fees.*—Where a prosecuting attorney appears and prosecutes a defendant, both before a justice of the peace and in the circuit court on appeal, each time obtaining a judgment of conviction, he is entitled to a fee in each court, as provided by section 5866, R. S. 1881.

From the Montgomery Circuit Court.

*G. W. Friedley, W. B. Herod* and *W. W. Thornton,* for appellants.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

HOWK, J.—On the 19th day of May, 1887, this prosecution was commenced upon the affidavit of one John Davenport, then filed before a justice of the peace of Montgomery county. This affidavit charged "that, at and in the county of Montgomery, and State of Indiana, on the 19th day of May, 1887, Oscar Ard and five other persons, whose names are to affiant unknown, did then and there unlawfully and wrongfully obstruct a certain highway, running north and south upon and over the section line dividing sections 17 and 18, in township 20 north, of range 4 west, in said county, by then and there unlawfully and wrongfully putting, building and erecting a fence and fence-posts upon and across said highway, contrary to the statute," etc. Upon the filing of such affidavit, the justice issued his warrant to the marshal of the city of Crawfordsville, commanding him to arrest Oscar Ard and the five unknown persons mentioned in such affidavit, which warrant was returned to the justice by

such city marshal, with his endorsement thereon as follows: "I have arrested the within named Oscar Ard, and five others with him, believed by me to be the five persons intended, whose names were unknown, but who declare their names to be Richard Briniger, Marshall Steele, Hamilton Priest, Andrew J. Mitchell and David A. Brown, and have their bodies now in court, this 19th day of May, 1887." Defendants not being ready for trial, by agreement of the parties, the cause was continued until May 25th, 1887, and each of the persons arrested, and named in the marshal's return, entered into a recognizance, with surety, for his appearance before such justice on the day last named.   On that day all the parties appeared before the justice, and upon the trial then had, defendants were each found guilty of the offence charged, and the justice rendered judgment against them for the fines assessed and costs.

From the judgment of the justice, defendants appealed to the circuit court of the county, where the cause was tried by the court, and they were each found guilty of the offence charged, and assessed with a fine in the sum of one cent; and over their motion for a new trial, judgment was rendered accordingly.

In this court, defendants have assigned a number of errors, and these we will consider in the same order in which their counsel have presented and discussed them in their exhaustive brief of this cause.

Counsel say: "The first question we present for the consideration of the court is the sufficiency of the warrant under which the defendants were arrested, and the sufficiency of the affidavit under which they were arraigned and tried. The defendants severally moved, before the justice of the peace trying the cause, to quash the warrant and to quash the affidavit; and those motions were severally renewed in the circuit court, overruled and exceptions taken." Each of these motions was in writing, and neither of them was filed when defendants were first brought before the justice.

When they were first arrested and appeared before the justice, the first thing they did, as we have seen, was to apply for a continuance, and, that having been granted, to enter into recognizance, with surety, for their appearance before the justice on the day to which, by their agreement and on their application, the cause had been continued. On that day they appeared, and objected then, for the first time, to the sufficiency of the warrant issued by the justice, under which they were arrested, and to the sufficiency of the affidavit charging the offence, upon which affidavit the justice issued such warrant.

It is to be noted that defendant Oscar Ard did not join in the objections to the sufficiency of the warrant. But the other defendants, appearing and pleading in the same names which, on their arrest by the marshal, they declared to be their names, moved the justice in writing (1) " that the warrant issued in this case, as to them, be quashed and set aside, and that they be released from custody;" and (2) "that they be released from custody and be discharged from arrest." At the same time, and before the justice, all " the defendants, each for himself, separately and severally move the court to quash the affidavit filed herein against them." These motions having been overruled, the record proceeds as follows: " The defendants being duly arraigned, the defendant Oscar Ard, for plea to the affidavit, says he is not guilty as charged, and the other defendants (naming them) refuse to plead thereto; whereupon the court enters a plea of ' not guilty ' for said defendants so refusing to plead." Upon the trial of the cause before the justice, defendants were found guilty of the offence charged, and were each fined in the sum of one dollar, and the justice rendered judgment accordingly for such fines and the costs of prosecution. From this judgment defendants appealed to the circuit court of Montgomery county, and each of them gave bond, with surety to the ap-

proval of the justice, for his appearance before such circuit court on the first day of the next ensuing term thereof.

Defendants appeared in the circuit court and there renewed their written motions, theretofore filed before the justice of the peace, to quash the warrant issued by such justice, and for the discharge of the defendants, except Oscar Ard, from arrest and custody, and to quash the affidavit filed before the justice.

These motions were overruled by the court below, and these rulings are complained of here as errors. It may be conceded that the warrant issued by the justice did not authorize the city marshal to arrest or hold in custody any of the defendants, except Oscar Ard, and that if the defendants, other than Ard, upon being brought before the justice on the day of their arrest, had then moved for their release from custody and their discharge from arrest, under such warrant, and had renewed their motion thus made upon their appeal to the circuit court, it would have been error to have overruled such motion. But it does not follow, by any means, from this concession, that the court below committed any available error in overruling defendants' motions, made at the time they were shown to have been made, to quash either the affidavit or warrant, or to discharge or release any of the defendants from arrest or custody. We are of opinion, indeed, that there was no such error in either of the rulings now under consideration as would authorize or require the reversal of the judgment below.

The affidavit charged the public offence which is defined in section 1964, R. S. 1881, substantially in the language of the statute, and was, therefore, sufficient. *Howard* v. *State*, 87 Ind. 68; *State* v. *Miller*, 98 Ind. 70; *Trout* v. *State*, 111 Ind. 499.

The justice of the peace before whom such affidavit was filed had jurisdiction of the subject-matter of the offence charged. Section 1637, R. S. 1881. The fact that some of the persons charged with the commission of the offence were

described as " five other persons, whose names are to affiant unknown," did not vitiate such affidavit.   In section 1755, R. S. 1881, it is provided as follows :   " The indictment or information is sufficient, if it can be understood therefrom— * * * *Second.* That the defendant is named or described in an indictment as a person whose name is unknown to the grand jurors, or in an information to the prosecuting attorney."

Defendants' counsel insist that this provision of our criminal code does not apply to an affidavit filed before a justice of the peace charging a public offence, because it refers only, in express terms, to an indictment or information.   We do not think, however, that the rule of criminal pleading here declared should be so rigidly and literally construed and confined in its meaning.   As a general rule, pleadings before a justice of the peace, whether criminal or civil, should be more liberally construed than if they originated in the higher courts.   We think, therefore, that the rule of criminal pleading above quoted should be held applicable to an affidavit charging a public offence, filed before a justice of the peace, and that such an affidavit should be held to be sufficient if it can be understood therefrom that the defendant is named or described in such affidavit as a person whose name is unknown to the affiant.

As the justice had jurisdiction of the offence charged in the affidavit, it was competent for Oscar Ard and the five other persons referred to therein to give the justice full and complete jurisdiction of their persons.  That is precisely what they did when, having been taken before the justice, they applied for and agreed to a continuance of the cause, and entered into a recognizance, with surety, for their appearance before the justice on a day named in the future.   Thereafter they were held, not by virtue of the warrant, but by force of their recognizance.   The warrant had accomplished its purpose, had spent its force, and was *functus officio,* and it became and was of very little moment whether the war-

rant was quashed or not. Defendants were held by, and were answerable to, their recognizance in a prosecution, whereof the justice had undoubted jurisdiction of the subject-matter, and wherein, by their own action, they had given such justice full and complete jurisdiction of their persons. By their application for a continuance, and their entering into recognizance for their subsequent appearance, defendants appeared fully to this prosecution, and a full appearance is a waiver of all defects in process, or the service thereof. *Free* v. *Haworth,* 19 Ind. 404; *Albertson* v. *Williams,* 23 Ind. 612; *Rich* v. *Starbuck,* 45 Ind. 310.

Our conclusion is, therefore, that the court below did not err in overruling defendants' motions to quash the affidavit or the warrant issued thereon, or for their discharge from arrest and release from custody.

Defendants' counsel next contend that the finding of the trial court was not sustained by sufficient evidence. We can not disturb the finding of the court on the evidence. Whatever else may be said of the case, it can not be questioned or controverted that there is evidence in the record which fully sustains the finding of the court on every material point. In such a case, as we have often decided, the finding of the court or the verdict of a jury will not be disturbed here, even in a criminal cause, upon what might seem to be the weight of the evidence. *Hudson* v. *State,* 107 Ind. 372; *Garrett* v. *State,* 109 Ind. 527; *Ritter* v. *State,* 111 Ind. 324. We can see no sufficient reason for departing from this rule of decision and attempting to weigh the evidence, and thus reach a different conclusion from the trial court in the case under consideration.

Defendants' counsel next complain of alleged errors of the court in the exclusion of offered evidence; but, in each instance, the alleged error, if such it were, was rendered harmless by the fact, appearing in the record, that defendants were elsewhere permitted to introduce on the trial substantially the same evidence, and that it was uncontradicted. We need

not, therefore, extend this opinion in the consideration of these alleged errors.

A careful examination of the record, and of the evidence appearing therein, and the rulings of the court in relation thereto, has led us to the conclusion that no error was committed in overruling the motion for a new trial.

Defendants' motion to retax the costs in this case was overruled by the court, and this ruling is assigned here as error. Complaint is first made by defendants' counsel, of the docket fees taxed by the clerk below in favor of the prosecuting attorney. In section 5866, R. S. 1881, in force since August 24th, 1875, it is provided as follows : " The prosecuting attorney's fees shall be as follows : For * * * * docket fee before a justice of the peace, on a plea of guilty, or on conviction, five dollars ; * * * * docket fee on plea of not guilty, in misdemeanors, seven dollars."

In this case the prosecuting attorney, before the justice of the peace, obtained the conviction of each of the defendants, and a docket fee of five dollars was taxed in his favor as to each defendant before the justice ; and on appeal, on pleas of not guilty, a docket fee of seven dollars as to each defendant was taxed in his favor in the circuit court. Defendants' counsel object to the taxation of what they call double fees in favor of the prosecuting attorney in this case, that is, one fee for his services before the justice, and another fee for his services in the circuit court. It is not claimed that the prosecuting attorney did not appear and prosecute defendants, both before the justice and in the circuit court ; nor is it claimed that the fees taxed in his favor, either before the justice or in the court below, were in excess of what the statute expressly declares he shall be entitled to for his services in such cases. But it is claimed with much earnestness, that the effect of the appeal from the justice to the circuit court was to vacate the justice's judgment and all its incidents, and that, inasmuch as the fees and costs taxed by and before the justice were merely incidents of his judg-

ment, they were vacated or annulled by force of the appeal. This position is untenable, and can not be sustained. The fees and costs legally taxed by and before the justice in such a case as the one now before us, are fixed charges in favor of the officers rendering the services, and are not affected in any manner by an appeal from the justice's judgment to the circuit court, unless the trial of the cause there had results in a verdict for defendants or in their discharge.

Some other small items of costs are complained of, but, without considering these in detail, we may say generally that the taxation of the costs herein has seemed to us to be authorized by the statute, and substantially correct. No such error was committed by the trial court in this cause, either as to the merits or upon the question of the taxation of fees and costs, as would authorize or justify a reversal of the judgment.

The judgment is affirmed, with costs.

Filed March 27, 1888; petition for a rehearing overruled May 17, 1888.