Benham *v.* The State.

Filed Nov. 13, 1888.

◆

No. 14,398.

## BENHAM *v.* THE STATE.

MEDICINE AND SURGERY.—*License to Practice.*—*Misdemeanor.*—*Indictment.*— An indictment charging the defendant with practicing medicine without a license, contrary to the act of March 11th, 1885 (Acts of 1885, p. 197), is sufficient as against a motion to quash if it states the offence in the language of the statute, or in terms substantially equivalent thereto.

SAME.—*Burden of Proof.*—In a prosecution under the statute mentioned, the burden is upon the defendant to prove that he was duly licensed to practice medicine.

SAME.—*Holding Out to World as Physician.*—*Treatment of " Opium Habit."*— One who styles himself a doctor and holds himself out to the world as a physician, and advertises that he treats and cures persons afflicted with the "opium habit," is required to obtain a license under the act regulating the practice of medicine and surgery, without regard to whether the "opium habit" is a disease or a vice.

From the Wayne Circuit Court

*L. C. Abbott, H. C. Fox* and *J. F. Robbins,* for appellant.

*L. T. Michener,* Attorney General, *R. A. Jackson,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

HOWK, J.—The indictment in this case charged that appellant, Benham, at Wayne county, Indiana, "on the 1st day

of January, 1887, and thence continually from said 1st day of January, 1887, until the 1st day of September, 1887, did practice medicine without having first procured from the clerk of the circuit court of the said county of Wayne, a license so to do, and he, the said Milton C. Benham, not then and there, nor during any part of said period, having a license so to do according to the laws of the said State, in force at the time, contrary to the form of the statute," etc.

Upon arraignment the appellant, for his plea to such indictment, said that he was not guilty as therein charged. The issues joined were tried by a jury, and a verdict was returned, finding appellant guilty as charged in said indictment, and assessing his punishment at a fine in the sum of ten dollars, and, over his motion for a new trial, judgment was rendered on the verdict.

In this court errors are assigned by appellant which call in question the overruling of his motion to quash the indictment and his motion for a new trial.

It is very clear, from the language of the indictment, the substance of which we have heretofore given, that it was intended to charge appellant therein with the commission of one of the misdemeanors which are defined and their punishment prescribed in an act of the General Assembly of this State, approved April 11th, 1885, entitled "An act regulating the practice of medicine, surgery and obstetrics, providing for the issuing of licenses to practice, defining certain misdemeanors, and providing penalties." Acts of 1885, p. 197.

In section 1 of such act it is provided (omitting the enacting clause), " That it shall be unlawful for any person to practice medicine, surgery or obstetrics in this State without first obtaining a license so to do, as hereinafter provided."

Section 2 of such act then provides that "Any person desiring to practice medicine, surgery or obstetrics in this State, shall procure from the clerk of the circuit court of the county

wherein he or she desires to practice a license so to do, which license shall be issued to such person only when he or she shall have complied with the * conditions," set forth in such section.

Section 3 makes it a misdemeanor, punishable by fine, for any clerk to issue a license to practice to any person " who has not complied with the requirements of section 2 of this act," and declares that " such license, or one procured by any false affidavit, shall be deemed and held to be void."

In section 4 of the above entitled act it is provided as follows : " Any person who shall practice medicine, surgery or obstetrics in this State without having first procured from the clerk of the circuit court of the county wherein he or she shall so practice a license, as provided in this act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than ten dollars nor more than two hundred dollars : *Provided,* That this act shall not be deemed to prohibit women from practicing obstetrics, and such midwives are hereby expressly exempted from its provisions."

In discussing the alleged error of the court below in overruling appellant's motion to quash the indictment herein, his learned counsel insist very earnestly and at much length that such indictment is clearly bad, in that it " does not state the offence with sufficient certainty." This is the *fourth* statutory cause, for which " The defendant may move to quash the indictment or information when it appears upon the face thereof." Section 1759, R. S. 1881.

If the objection of appellant's counsel to the indictment herein had been well taken, it would have been error, no doubt, under our decisions, to have overruled the motion to quash. *Dyer* v. *State,* 85 Ind. 525 ; *Murphy* v. *State,* 106 Ind. 96 ; *Trout* v. *State,* 107 Ind. 578 ; *Trout* v. *State,* 111 Ind. 499.

We are of opinion, however, that the indictment in this case is not open to the objection that it does not state the of-

fence charged with sufficient certainty. The offence charged against appellant herein is purely a statutory offence—that is, it was created and defined and its punishment prescribed by the provisions heretofore quoted of the above entitled act of April 11th, 1885. In such a case, it has been held by this court, as a general rule, that an indictment or information will be sufficient to withstand a motion to quash, if it charge the offence in the language of the statute, or in terms substantially equivalent thereto. *Howard* v. *State*, 87 Ind. 68; *State* v. *Miller*, 98 Ind. 70; *Ritter* v. *State*, 111 Ind. 324; *Trout* v. *State*, *supra*.

In the case under consideration it is conceded on behalf of appellant that the offence charged is a statutory offence, and that the indictment charges him with such offence substantially in the language of the statute. In *Eastman* v. *State*, 109 Ind. 278, the appellant was prosecuted, as we may infer from the opinion of the court, as is the defendant in the case in hand, for unlawfully practicing medicine without having first procured from the proper clerk a license so to do. In the case cited the sufficiency of the charge seems to have been challenged, and, upon this point, the court there said: " The offence is charged in the language of the statute, and this is sufficient. *State* v. *Miller*, 98 Ind. 70, and cases cited; *Graeter* v. *State*, 105 Ind. 271 ; *Antle* v. *State*, 6 Texas App. 202."

Our conclusion is, that, in the case we are now considering, the motion to quash the indictment was correctly overruled.

Under the alleged error of the court in overruling appellant's motion for a new trial, his counsel first insist that the court erred in giving the jury, of its own motion, the following instruction, namely : " The defendant is presumed to be innocent, and his guilt must be proven beyond a reasonable doubt. To warrant a verdict of guilty, the State must prove beyond a reasonable doubt that the defendant, Milton C. Benham, at Wayne county, State of Indiana, during some period within two years prior to the filing of this indictment,

to wit, September 10th, 1882, practiced medicine without having first procured from the clerk of the circuit court of said county a license so to do. The indictment alleges that the defendant engaged in the practice of medicine without a license. The burden of proving that the defendant was duly licensed to practice medicine is upon the defendant." Appellant's counsel have pointed out no substantial objection to the instruction quoted, and we can see none. It contains, we think, a correct statement of the law applicable to such a case as this, and places the burden of proof where it properly belongs. The instruction is applicable to the case made by the evidence in the record, and affords no cause whatever for a new trial, and no sufficient ground for the reversal of the judgment below.

The important and controlling questions in this case are presented by the alleged insufficiency of the evidence in the record to sustain the verdict of the jury. Is there evidence in the record which authorized the jury to find that appellant, within the period of the statute of limitations, practiced medicine at Wayne county, Indiana, as charged in the indictment herein, without having first procured from the clerk of the Wayne Circuit Court a license so to do? In their brief of this cause, appellant's learned counsel have ably and elaborately discussed the question as to whether or not the " opium habit," so called, is a disease or a vice. In the view we shall take of the evidence in this case, we do not find it necessary that we should consider and decide the question discussed by counsel. It is a question of fact and not of law, and, in some sense, it may be said to be involved in or presented by the record of this cause. But whether the " opium habit " be regarded as a disease or not, we are of opinion that evidence was introduced on the trial of this cause which authorized the jury to find that, in his treatment of such habit and of his unfortunate patients who were morbidly addicted thereto, appellant held himself out to the world as a physician, and practiced medicine within the

meaning of our statute regulating the practice of medicine, without having first procured from the clerk of the proper court a license so to do. He issued circulars, signed "Dr. M. C. Benham," in which he claimed that his "treatment" of his "patients" would effect a "complete cure" of the opium habit. He also issued a number of letters from former patients, addressed to him as "Doctor," testifying to the efficacy and success of his "treatment" of the opium habit. The caption of bills and receipts, given by him to his patients, was "Office of Dr. M. C. Benham, No. 24 South 9th street, Richmond, Ind.," and clearly indicated that he claimed to be and held himself out as a practicing physician, in Wayne county in this State.

There is evidence in the record of this cause, we think, which fairly sustains the verdict of the jury on every material point. In such a case, it is now firmly settled by our decisions that the verdict will not be disturbed here, nor will the judgment below be reversed, even in a criminal cause, upon what might seem to be the weight of the evidence. *Hudson* v. *State,* 107 Ind. 372; *Ritter* v. *State,* 111 Ind. 324; *Ard* v. *State,* 114 Ind. 542.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Nov. 9, 1888.