McCarty v. The State.

Filed. Feb 6, 1891.

---

No 15,945.

## McCARTY v. THE STATE.

SUPREME COURT.—*Weight of Evidence.*—Unless there is an absolute failure of evidence on some material point this court will not disturb the verdict of the jury on the weight of the evidence.

CRIMINAL LAW.—*Robbery.*—*Indictment.*—*Evidence.*—Under an indictment charging the taking of ten dollars in money it is not necessary to prove its value, as money is the measure of values.

From the Clinton Circuit Court.

*W. A. Staley* and *W. R. Moore*, for appellant.

*J. Combs*, Prosecuting Attorney, and *D. S. Holman*, for the State.

McBRIDE, J.—Appellant was convicted of the crime of robbery and sentenced to two years' imprisonment in the State Prison.

The only question here is upon the sufficiency of the evidence to sustain the conviction.

On the evening of the alleged robbery the prosecuting witness, whose name was Sholder, started to enter a certain saloon in the city of Frankfort by way of the rear door, and through an alley. He had at the time, in one of his pockets, a $10 bill. In the alley he met the appellant, with whom he had no acquaintance. Appellant accosted him, and asked him to go with him to a country dance. Sholder refused. Appellant then asked him if he was "going to set 'em up?" To this Sholder answered, "No." Thereupon appellant struck him in the face with a brickbat or a stone. The blow knocked him down and rendered him unconscious. When he regained consciousness he got up and went out on the street, where he found an acquaintance, who accompanied him back to the alley, when they found McCarty, the appellant.

Sholder first said he did not know who hurt him, but on seeing McCarty inquired what his name was and said he was the man who struck him. This McCarty denied. Sholder then went to the mayor's office and thence to the saloon which he was about to enter when he was struck. Here his face was washed and his wounds dressed, and he then discovered that the pocket which had contained the $10 bill was torn, ripped or cut open, and the money, a ten dollar "greenback," was gone. The defendant left Frankfort that night and went to Lebanon, where he was soon after arrested. There was no dispute or conflict in the testimony. The accused offered no testimony whatever, and did not even testify in his own behalf.

The rule has long been settled in this court that in criminal, as well as in civil causes, verdicts will not be disturbed merely on the weight of the evidence. When the evidence tends to sustain the verdict on every material point the

court will not disturb the conclusion reached by the trial court and jury.

There must be an absolute failure of evidence on some material point or this court will not interfere on that ground alone. *Ard* v. *State*, 114 Ind. 542; *Wachstetter* v. *State*, 99 Ind. 290; *Hudson* v. *State*, 107 Ind. 372; *Ritter* v. *State*, 111 Ind. 324; *Trout* v. *State*, 111 Ind. 499; *Kleespies* v. *State*, 106 Ind. 383; *Dolke* v. *State*, 99 Ind. 229; *Murphy* v. *State*, 97 Ind. 579; *Clayton* v. *State*, 100 Ind. 201; *Garrett* v. *State*, 109 Ind. 527.

If we were disposed to question the correctness of this rule of practice we could not feel at liberty to do so in view of the long line of precedents running far back of any of the cases above cited. We, however, not only feel constrained to follow the rule because thus established by authority, but because we feel it to be the only safe rule in such cases. We have read the testimony carefully, and while, as it comes to us through the bill of exceptions, with none of the witnesses or actors before us, it does seem to lack in certainty and weight on certain points, it does, by fact or fair inference, tend, on every material matter, to sustain the verdict of the jury and action of the trial court in overruling the motion for a new trial. To them was intrusted the duty of weighing the evidence, and we can not, under the rule above referred to, reverse their decision.

Appellant insists that the judgment should be reversed because the State did not prove the value of the property taken from the prosecuting witness. The indictment charged the taking of ten dollars in money. This was sufficient under the statute. Section 1750, R. S. 1881; *Graves* v. *State*, 121 Ind. 357. The proof was that it was ten dollars in money. No proof was necessary as to its value, money being the measure of values.

The judgment is affirmed.

Filed Feb. 6, 1891.