## STATE OF INDIANA *v.* HILGENDORF.

[No. 3,158.   Filed November 1, 1899.]

TAXATION.—*Failure to List Property for Taxation —Affidavit and Information.—Criminal Law.*—An affidavit and information charging that defendant "being requested as required by law," failed to give a true list of his property for taxation is sufficient to charge the offense defined by §2271 Burns 1894 without setting out the exact manner in which the request to furnish a list of taxable property was made by the assessor.

From the Lake Circuit Court.   *Reversed.*

*W. L. Taylor*, Attorney-General, *S. T. Sutton, J. O. Bowers* and *W. J. McAleer*, for State.

*B. F. Ibach* and *J. G. Ibach*, for appellee.

HENLEY, J.—It is objected to the sufficiency of the affidavit upon which the information is based that it charges no misdemeanor under the statute, and that there is an attempt to charge appellee in the same affidavit with the commission of several misdemeanors. The affidavit upon which the information is based, omitting the formal part, is as follows: "That on the 23rd day of April, 1898, in said county of Lake and State of Indiana, one William Hilgendorf, who was then and there over the age of twenty-two years, and of sound mind, and who was then and there and for more than two years prior thereto a resident and taxpayer of North

township in said county, being then and there requested, as required by law, by William Emmel, who was then and there the duly elected, qualified, and acting assessor of said North township in said county, as such assessor, to give a true and complete list of all of his taxable property then and there owned by and in the possession of him the said Hilgendorf, and situate then and there in said township, on the 1st day of April of said year 1898, did then and there unlawfully fail, neglect, and refuse to give a true list of his said property, and did then and there give and furnish to said assessor as a true list of his said property the following list to wit:" Here follows the list as furnished by appellee. Continuing the affidavit charges: "Which list was not then and there a true list of all the taxable property then and there owned by said William Hilgendorf on said 1st day of April, 1898, he the said William Hilgendorf on said 1st day of April, 1898, having, and having had, then and there on said 1st day of April, 1898, owned, controlled, and in his possession, then and there situate, other taxable property not included in said list so furnished as aforesaid by said William Hilgendorf to said William Emmel as assessor, of said North township as aforesaid to wit: Thirteen head of cattle of the value of $220; one female dog the tax upon which was then and there $3; which said property was not then and there listed by said Hilgendorf for taxation to said Emmel as said assessor. Contrary to the form of the statute, etc."

The above affidavit is drawn under §2271 Burns 1894, which is as follows: "Whoever when requested by the assessor, state, county or municipal, or any of his deputies, fails to give a true list of all his taxable property, or to take and subscribe any oath in that behalf, as required by law, or shall fix a fraudulent value, where an oath is not required, on such property, upon conviction thereof, shall be fined," etc. The offense charged in the affidavit is a statutory one,

being created and defined by the statute, and in such cases it is generally sufficient to charge the offense in the language of the statute, which was done in this case. *State* v. *Beach*, 147 Ind. 74, 36 L. R. A. 179; *Trout* v. *State*, 111 Ind. 499; *State* v. *Miller*, 98 Ind. 70; *Howard* v. *State*, 87 Ind. 68. It was not necessary to set out in the affidavit the exact manner in which the request to furnish a list of taxable property was made by the assessor.

In *Stribbling* v. *State*, 56 Ind. 79, the Supreme Court say: "The sufficiency or insufficiency of an indictment may be tested by the answer to the following question: Can the facts, properly alleged in the indictment, be true, and the defendant innocent of the offense intended to be charged against him? If the answer must be in the affirmative the indictment is bad; if in the negative the indictment is good."

If we apply this test to the affidavit in question we cannot help but conclude that it is good. If the facts properly alleged in the affidavit are true, appellee is guilty of the offense defined by the statute as charged against him in the affidavit. We think the words in the affidavit "as required by law" might be entirely omitted and the indictment still charge the offense intended under the statute. It cannot be contended that there is not sufficient matter alleged in the affidavit in question to indicate the crime and person charged. §1824 Burns 1894.

The lower court erred in sustaining the motion to quash the affidavit and information. The appeal of the State is therefore sustained at the cost of appellee.